S02Y0902, S02Y0903, S02Y0904. IN THE MATTER OF RICHARD L. DICKSON (three cases).
(565 SE2d 455)

PER CURIAM.

These disciplinary matters are before the Court on the State Bar's issuance of three Notices of Discipline for disbarment against Respondent Richard L. Dickson pursuant to Bar Rule 4-208.1. The Investigative Panel of the State Disciplinary Board ("Investigative Panel") found probable cause to believe that Dickson violated Standard 44 (a lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or wilfully disregard a legal matter entrusted to him) of Bar Rule 4-102 (d) in S02Y0902 and S02Y0903 and violated Standards 22 (if permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before the tribunal without permission, and in any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client); 23 (a lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned); and 44 of Bar Rule 4-102 (d) in S02Y0904. A violation of Standard 44 is punishable by disbarment while a violation of either Standard 22 or 23 is punishable by a public reprimand. On March 17, 2002, Dickson acknowledged service of the Notices of Discipline in these matters but failed to timely reject the Notices as provided by Bar Rule 4-208.3. Accordingly, pursuant to

Bar Rule 4-208.1 (b), Dickson is in default, has no right to any evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court.

*S02Y0902 (State Disciplinary Board ("SDB") Docket No. 4059)*

In this matter, Dickson was retained in November 1998 to represent a client in a divorce case. However, Dickson failed to communicate with the client after December 1998 and the client was unable to reach Dickson to determine the status of his case. After the client received a letter from his employer in April 1999 notifying him that $173.08 was deducted from his paycheck for temporary alimony payments, the client learned that Dickson missed a March 1999 court date and subsequently discharged Dickson. Based on a review of this conduct, the Investigative Panel found probable cause to believe that Dickson violated Standard 44 of Bar Rule 4-102 (d). Although Dickson acknowledged service of the Notice of Investigation in this matter on September 17, 1999, he failed to submit a timely response to the Investigative Panel and consequently was suspended pursuant to Bar Rule 4-204.3 (d).

*S02Y0903 (SDB Docket No. 4071)*

In this matter, Dickson was retained to represent a client in post-conviction matters and $2,000 was paid to Dickson in October 1998 on the client's behalf. Dickson failed to visit or call the client, to accept the client's collect calls, to take any action on the client's case, or to refund the $2,000. Based on a review of this conduct, the Investigative Panel found probable cause to believe that Dickson violated Standard 44 of Bar Rule 4-102 (d). Although Dickson acknowledged service of the Notice of Investigation in this matter on September 20, 2000, he failed to submit a timely response to the Investigative Panel and consequently was suspended pursuant to Bar Rule 4-204.3 (d).

*S02Y0904 (SDB Docket No. 4203)*

In this matter, Dickson was paid $1,500 in April 1999 to represent a client in post-conviction matters. Although Dickson initially did some work for the client, he ceased working on the case, became inaccessible, and failed to return the $1,500. The client has been unable to hire another attorney because he paid the $1,500 to Dickson. Based on a review of this conduct, the Investigative Panel found probable cause to believe that Dickson violated Standards 22, 23, and 44 of Bar Rule 4-102 (d). Although Dickson was personally served with the Notice of Investigation in this matter on November 2, 2000, he failed to submit a timely response to the Investigative Panel and

consequently was suspended pursuant to Bar Rule 4-204.3 (d). Dickson later filed a response with the Investigative Panel informing the Investigative Panel that he intended to resume representation of the client but he failed to do so.

Based on our review of the record in each of the above cases, we agree with the State Bar that Dickson has violated Standards 22, 23, and 44 of Bar Rule 4-102 (d) and that disbarment is the appropriate sanction. While we note that Dickson has no prior disciplinary history, we have considered the following factors in aggravation of discipline: Dickson's failure to timely respond to the Notice of Investigation in each case; his substantial experience in the practice of law, having been a member of the State Bar of Georgia since 1986; and that the three above stated cases considered together suggest a pattern of abandonment and neglect of client matters. Accordingly, Dickson hereby is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JUNE 10, 2002.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.