## S08Y1657. IN THE MATTER OF DANIEL RICHARD HAYES.

(677 SE2d 132)

PER CURIAM.

This disciplinary matter is before the Court, following the granting of the State Bar's motion for reconsideration showing perfection of service by publication pursuant to State Bar Rule 4-203.1 (b) (3) (ii), and on the Report of the Special Master, recommending that the Court either suspend Daniel Richard Hayes for at least three years or disbar him, based on his improper handling of a personal injury lawsuit, which conduct constitutes violations of Rules 1.1, 1.3, 1.4, 1.16 (d), and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a single violation of Rule 1.1 or 1.3 is disbarment, while the maximum sanction for a single violation of Rule 1.4, 1.16 (d), or 9.3 is a public reprimand.

The State Bar filed a formal complaint pursuant to Bar Rule 4-211 and Hayes was served by publication. Hayes failed to file a timely answer and the Special Master granted the State Bar's motion for default. Because he is in default, the facts alleged and violations charged in the formal complaint are deemed admitted, see Bar Rule 4-212 (a).

The record shows that Hayes was admitted to the Bar in 1999. In 2003 Hayes was retained by two people following an automobile accident; he filed suit against the car's owner, the car's driver, and the owner's insurance company; the suit was dismissed as to the insurance company as an improper direct action against an insurance company; the suit was dismissed as to the owner and/or driver for untimely service; Hayes never informed his clients that the insurance company had filed a motion for attorney fees and sanctions against them, of any hearing in the case, of the dismissal of any parties, or that attorney fees had been assessed against them; the clients only learned of the motion for attorney fees when they retrieved their file from the courthouse; the clients filed a grievance against him; he acknowledged service of the notice of investigation, but did not submit a sworn response as required by Bar Rule 4-204.3. It is unclear whether the clients were able to appeal or reinstate their suit and it appears that Hayes has abandoned his law practice.

After a review of the record, we conclude that Hayes violated Rules 1.1, 1.3, 1.4, 1.16 (d), and 9.3 by his actions. As Hayes caused his clients serious harm, we conclude that disbarment is the appropriate sanction for these violations. It is hereby ordered that the name of Daniel Richard Hayes be removed from the rolls of persons authorized to practice law in the State of Georgia. Hayes is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

#### DECIDED MAY 18, 2009.

*William P. Smith III, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.