

S12Y0618, S12Y0619, S12Y0620, S12Y0621, S12Y1214, S12Y1215, S12Y1479. IN THE MATTER OF KEVIN EUGENE HOOKS (seven cases).

(741 SE2d 645)

PER CURIAM.

Respondent Kevin Eugene Hooks[1] became a member of the State Bar of Georgia in 1993. This Court suspended him from the practice of law in Georgia on December 2, 2010, for his failure to respond adequately to the State Bar's notice of its investigation of violations for which the maximum sanction was disbarment. See Rule 4-204.3 (d) of the Georgia Rules of Professional Conduct. As a result of five grievances filed by former clients, one by an attorney, and one by the Investigative Panel of the State Disciplinary Board of the State Bar of Georgia, the State Bar of Georgia seeks the disbarment of Kevin Eugene Hooks.

In Case Nos. S12Y1214 and S12Y1215 the Fayette County sheriff was unable to personally serve Hooks with the formal complaints brought by the State Bar of Georgia, so he was served by publication. When Hooks failed to file answers, on motion of the Office of General Counsel of the State Bar, the special master deemed admitted the facts alleged and the violations charged in the formal complaints. See Bar Rule 4-212 (a). In Case No. S12Y1479, Hooks was served by publication with the Notice of Discipline seeking his disbarment and is in default due to his failure to file a Notice of

---

[1] State Bar No. 365201.

Rejection. In Case Nos. S12Y0618-S12Y0621, the Office of General Counsel of the State Bar filed Notices of Discipline and in none of these cases did Hooks respond to initial requests from the Office of General Counsel for information regarding the grievances, or to the subsequently-issued notices of investigation.

In Case No. S12Y1214, a former client filed a grievance against Hooks in which he asserted that he had hired Hooks to assist him in a claim of employment discrimination. Hooks did not respond to the opposing party's discovery requests, the subsequent motion to compel, or to the motion for sanctions that followed. Hooks filed a response to the opposing party's motion for summary judgment but, when directed by the trial court to submit further information regarding the response, Hooks did not file a response to the movant's statement of material facts and attempted to submit an unsigned, undated, unsworn and un-notarized affidavit. By these actions, Hooks violated Rules 1.1 and 3.2 of Georgia's Rules of Professional Conduct.[2] Hooks did not respond to telephone calls and e-mails from the client. Summary judgment was granted the opposing party and Hooks did not inform his client of the award. These actions violated Rule 1.4.[3] Hooks did not abide by the client's decisions concerning the object of the representation and thereby violated Rule 1.2 (a); by failing to withdraw from the representation despite his failure to work diligently and to communicate with the client, Hooks violated Rule 1.16 (a); by effectively abandoning and disregarding the client, Hooks violated Rule 1.3;[4] and by failing to supply the client file to replacement counsel upon request, Hooks violated Rule 1.16 (d).[5]

The Investigative Panel filed the grievance that serves as the basis for Case No. S12Y1215 when, despite having been placed on interim suspension from the practice of law by this Court on December 2, 2010, Hooks continued to represent a client in the United

---

[2] Rule 1.1 requires a lawyer to provide competent representation and not handle a matter beyond the lawyer's level of competence without associating with another lawyer believed to be competent. The maximum penalty is disbarment. Rule 3.2 requires a lawyer to make reasonable efforts to expedite litigation consistent with the interests of his client. The maximum penalty is a public reprimand.

[3] Rule 1.4 requires a lawyer to explain matters to a client to permit the client to make informed decisions regarding the representation, to keep the client reasonably informed of the status of matters, and to comply promptly with reasonable requests for information. The maximum penalty is a public reprimand.

[4] Rule 1.3 requires a lawyer to act with reasonable diligence and promptness in representing a client and not to, in effect, willfully abandon or disregard a matter entrusted to the lawyer. The maximum penalty is disbarment.

[5] Rule 1.16 (d) requires a lawyer to take steps to protect a client's interests upon termination of representation, such as surrendering papers and property to which the client is entitled. The maximum penalty is a public reprimand.

States District Court for the Southern District of Georgia. He communicated with opposing counsel in December 2010, discussing discovery responses and an upcoming status conference, he represented his client at the December 13 status conference, and he filed with opposing counsel a joint status report on December 15. Hooks did not inform the district court of his suspension until January 18, 2011, and he did not promptly inform his client or opposing counsel of his suspension. By failing to inform his client of his suspension, Hooks violated Rules 1.4 (see n. 3, supra) and 8.4 (a) (4);[6] by practicing law while his license was suspended, Hooks violated Rules 5.5 (a)[7] and 8.4 (a) (1), (4). By failing to inform the district court and opposing counsel of his suspension from the practice of law, Hooks violated Rule 8.4 (a) (4). The special master recommended that Hooks be disbarred for his behavior in Case Nos. S12Y1214 and S12Y1215, concluding that Hooks had violated duties owed by him to his clients and the legal system and noting that the purpose of lawyer disciplinary proceedings is to protect the public and the administration of justice from lawyers who have not discharged their duties to their clients, the public, the legal system, and the legal profession.

On December 21, 2011, the Office of General Counsel of the State Bar of Georgia issued four Notices of Discipline for disbarment against Hooks. The notice filed in Case No. S12Y0618 seeks disbarment for violation of Rule 5.5 (see n. 7, supra), and was based on a grievance filed by an attorney who reported that Hooks, after being suspended from the practice of law by this Court on December 2, 2010, continued settlement negotiations with the attorney, reaching an agreement on December 14, 2010 and sending settlement paperwork to the attorney on January 6, 2011.

A client grievance is the basis for the notice in Case No. S12Y0619, which seeks disbarment for violations of Rules 1.2,[8] 1.3 (see n. 4, supra), 1.4 (see n. 3, supra), 1.16,[9] and 3.2. See n. 2, supra. The client hired Hooks in 2009 to represent her as a plaintiff in a civil matter. While Hooks initially responded to the defendant's requests for discovery, he did not respond to a request to depose the client and did not inform the client of defense counsel's wish to depose her. Hooks

---

[6] Rule 8.4 (a) (4) prohibits a lawyer from engaging in professional conduct involving dishonesty, fraud, deceit or misrepresentation. The maximum penalty is disbarment.

[7] Rule 5.5 (a) prohibits a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction. The maximum penalty is disbarment.

[8] Rule 1.2 requires a lawyer to consult with a client as to the means by which the objectives of the representation are to be pursued.

[9] Rule 1.16 (a) (1) requires a lawyer to withdraw from representation of a client if the representation will result in violation of the Georgia Rules of Professional Conduct.

did not respond to a "good-faith" letter sent by defense counsel and did not inform his client of the letter. After a hearing, the trial court dismissed the complaint with prejudice for violation of the discovery rules. The client was unable to communicate with Hooks.

Case Nos. S12Y0620 and S12Y0621 involve notices of discipline for disbarment that are based on grievances filed in January 2011 by two former clients who jointly hired Hooks in 2010 to pursue a civil lawsuit alleging employment discrimination. They paid $2,000 to Hooks who did not inform them about the progress of the case. When the clients learned of Hooks's suspension from the practice of law, they requested their files and tapes and received no reply from Hooks. Both Notices of Discipline assert violations of Rules 1.2, 1.3, 1.4, and 1.16.

The Office of General Counsel filed another Notice of Discipline for disbarment of Hooks in May 2012, after the Investigative Panel investigated a grievance filed in 2009 by an attorney and found probable cause to believe that Hooks had violated Rules 1.15 (I), 1.15 (II) (outlining an attorney's duties when holding property of clients or third parties in connection with a representation, and the duty of an attorney who receives money or property in a fiduciary capacity to maintain or have available a trust account in which said funds are to be deposited), 1.16, and 8.4. The complaining attorney reported that Hooks had served as a settlement agent for a real estate transaction in March 2008, during which Hooks received $5,556.92 in fiduciary funds to be used to pay 2007 county taxes. Despite having told inquiring representatives of the title insurance companies that he was researching the issue of the fiduciary funds, Hooks did not get back in touch with them, he did not pay the county taxes, and he did not return the funds to the lender or the borrower. The lender paid the taxes and delinquency fees to the county tax commissioner.

Hooks has presented no factors that mitigate his behavior, and we are aware of none. In aggravation are Hooks's substantial experience in the practice of law, his pattern of repeated misconduct, his repeated failure to respond to the notices of investigations, and his apparent indifference to making restitution. See *In the Matter of Okene*, 291 Ga. 656 (736 SE2d 748) (2012); *In the Matter of Kimbrough*, 286 Ga. 30 (685 SE2d 713) (2009); *In the Matter of Dickson*, 275 Ga. 271 (565 SE2d 455) (2002). Having reviewed the records before us, we conclude that disbarment is the appropriate sanction. It is hereby ordered that the name of Kevin Eugene Hooks be removed from the rolls of persons authorized to practice law in the State of Georgia. Hooks is reminded of his duties pursuant to Rule 4-219 (c) of the Rules and Regulations of the State Bar of Georgia.

*Disbarred. All the Justices concur.*

DECIDED APRIL 15, 2013.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar,* for State Bar of Georgia.

