303 Ga. 537
FINAL COPY

S18Y0158, S18Y0159. IN THE MATTER OF MIGUEL ANGEL GARCIA, JR. (two cases).

PER CURIAM.

These disciplinary matters are before the Court on the Notices of Discipline seeking the disbarment of Miguel Angel Garcia, Jr. (State Bar No. 283742). Garcia, who has been a member of the Bar since 1996, was personally served with these notices on September 25, 2017. Garcia failed to file a Notice of Rejection as to either disciplinary matter. Therefore, he is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court, see Bar Rule 4-208.1 (b).

In averments deemed admitted by virtue of Garcia's default, the Bar alleges that, as to Case No. S18Y0158, Garcia filed a notice of appeal on behalf of several defendants in a condemnation case. Almost two years later, a substitution of counsel was entered as to one of the defendants, although Garcia

stated during the screening stage for this grievance that he understood the substitution to apply to all of his clients. The court subsequently scheduled a hearing to determine, among other things, the representation of the remaining defendants; Garcia told the Bar that he did not receive the order. The court then mailed to Garcia and the other counsel in the case a notice informing counsel of a hearing and requiring the attendance of all counsel, including, specifically, Garcia. Although Garcia admitted that the notice was in his file, he did not attend the hearing. Following this failure to appear, the court entered a Rule Nisi for Contempt and engaged in significant efforts to reach Garcia regarding the Rule Nisi. Garcia did not appear, and an order of incarceration for contempt was entered. Garcia informed the Bar that he had not received the Rule Nisi and was working to resolve the contempt issue, but the court informed the Bar that Garcia had not contacted the court regarding the matter; Garcia then did not respond to further requests for information from the Bar. Based on these facts, the Investigative Panel found probable cause to conclude that Garcia's conduct violated Rules 1.2, 1.3, 1.4, 3.2, 8.1, and 8.4 (a) (4) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d) and determined disbarment was appropriate. The maximum sanction for a violation of Rules 1.2, 1.3, 8.1,

2

or 8.4 (a) (4) is disbarment, and the maximum sanction for a violation of Rules 1.4 or 3.2 is a public reprimand.

As to Case No. S18Y0159, Garcia was paid $4,500 by a client for representation in an immigration matter, but did not communicate with the client for months, despite repeated attempts by the client. Garcia eventually met with the client, but exhibited a lack of knowledge regarding the matter for which he had been retained and failed to respond to subsequent e-mails from the client. The client then terminated Garcia's representation by e-mail and certified mail, but was unable to reach Garcia and was rebuffed by Garcia's staff when he called the office to follow up. The client did not receive a refund or his case file, despite having requested both. Based on these facts, the Investigative Panel found probable cause to conclude that Garcia's conduct violated Rules 1.2, 1.3, 1.4 (a) (3), 1.4 (a) (4), and 1.16 (d) and determined that disbarment was the appropriate sanction. The maximum sanction for a violation of Rules 1.2 or 1.3 is disbarment, and the maximum sanction for a violation of Rules 1.4 (a) (3), 1.4 (a) (4), or 1.16 (d) is a public reprimand.

In aggravation of discipline in both matters, the Bar notes Garcia's failure to respond adequately to these disciplinary matters, his substantial experience

in the practice of law, and the absence of mitigating factors. As to Case No. S18Y0158, the Bar also cites as an aggravating factor Garcia's false or deceptive statements to the Bar in response to that grievance. The Bar also notes that this Court has imposed an interim suspension for Garcia's failure to respond to the Notice of Investigation in one of these matters and that he also has been administratively suspended for failure to stay current on his continuing legal education requirements and Bar dues. Based on the foregoing, the Bar seeks Garcia's disbarment. Garcia has not filed a response in this Court during the pendency of these matters.

Having reviewed the record, we conclude that disbarment is the appropriate sanction. Accordingly, it is hereby ordered that the name of Miguel Angel Garcia, Jr., be removed from the rolls of persons authorized to practice law in the State of Georgia. Garcia is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided April 16, 2018.

Disbarment.

<u>Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman,</u>

<u>William J. Cobb, Assistant General Counsel State Bar</u>, for State Bar of Georgia.