304 Ga. 378
FINAL COPY

S18Y1511.  IN THE MATTER OF SCOTT L. PODVIN.

PER CURIAM.

This reciprocal discipline matter is before the Court on the State Disciplinary Review Board's[1] July 5, 2018 report and recommendation that this Court suspend Scott L. Podvin (State Bar No. 512283) from the practice of law in Georgia for a period of 18 months and condition his reinstatement in Georgia on proof of his reinstatement in Florida.  See Georgia Rules of Professional Conduct, former Rule 9.4 (Jurisdiction and Reciprocal Discipline).  The State Bar of Georgia properly served Podvin with a notice of reciprocal discipline, see

---

[1] On January 12, 2018, this Court entered an order amending Part IV of the Rules and Regulations for the Organization and Government of the State Bar of Georgia ("Bar Rules"), including Bar Rule 4-102 (d), which contains the Georgia Rules of Professional Conduct.  The January 12 order said that "these amendments shall be effective as of July 1, 2018 and shall apply to disciplinary proceedings commenced on or after that date," except for the amendments to Bar Rules 4-201 (b) and 4-201.1 (b) concerning the composition of the State Disciplinary Board and the State Disciplinary Review Board, which the order then addressed separately.  The order also said that "the former rules shall continue to apply to disciplinary proceedings commenced before July 1, 2018" — such as this matter, which was commenced by the issuance of a notice of reciprocal discipline on March 1, 2018 — "provided that, after July 1, 2018, the State Disciplinary Board shall perform the functions and exercise the powers of the Investigative Panel under the former rules, and the State Disciplinary Review Board shall perform the functions and exercise the powers of the Review Panel under the former rules."

former Bar Rule 4-203.1 (Uniform Service Rule), but he failed to acknowledge service and did not file any response or objection to the imposition of reciprocal discipline.

Podvin was admitted to practice law in Florida in 1994 and became a member of the State Bar of Georgia in 2001. On February 16, 2017, the Supreme Court of Florida approved his "Conditional Guilty Plea for Consent Judgment" to resolve seven disciplinary matters and imposed an 18-month suspension with conditions on reinstatement (evaluation and compliance with all recommendations made by Florida Lawyers Assistance, Inc., participation in the Florida Bar's binding fee arbitration program, and payment to the Florida Bar of an administrative fee and investigative costs totaling $2,357.10). Podvin's admitted disciplinary violations in Florida involved failing to process and work on several loan modifications in a timely manner that resulted in long delays for his clients, failing to provide updates to clients in response to their requests, and rarely communicating with clients; attempting to avoid payment to creditors and circumvent a valid debt by entering into a consent judgment through a legal entity that he knew was already dissolved and then continuing previous legal work under a new legal entity; and, while being sued by a former

2

associate for unpaid wages, scheduling a hearing when he knew that opposing counsel was unavailable, attending the hearing, attempting to submit an agreed order to the court for execution even though no agreement had been reached, and engaging in ex parte communication with the court by sending a letter requesting reconsideration of a sanctions order and threatening to file a motion to recuse.

The State Disciplinary Review Board found no basis for recommending anything other than substantially similar discipline. See Georgia Rules of Professional Conduct, former Rule 9.4 (b) (3) (i)-(vi) (listing situations where a recommendation other than substantially similar discipline is permitted). The State Disciplinary Review Board did, however, find that it would be impractical to include as conditions on Podvin's reinstatement in Georgia the conditions on his reinstatement in Florida, which involve programs administered and monitored by, and payment of certain costs to, the Florida Bar. Thus, the State Disciplinary Review Board recommends that this Court impose as reciprocal discipline an 18-month suspension running from the date of this Court's order with Podvin's reinstatement conditioned on his proof of reinstatement in Florida.

Having reviewed the record, we agree with the State Disciplinary Review Board that an 18-month suspension with reinstatement conditioned on proof of reinstatement in Florida is the appropriate sanction in this reciprocal discipline matter. Accordingly, it is hereby ordered that Scott L. Podvin be suspended from the practice of law in this State for a period of 18 months from the date of this opinion. At the end of that period, if Podvin wishes to seek reinstatement, he must offer proof to the State Bar's Office of General Counsel that he has been reinstated to the practice of law in Florida. If the State Bar agrees that this condition has been met, the State Bar will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. We remind Podvin of his duties pursuant to former Bar Rule 4-219 (c).

Eighteen-month suspension with condition on reinstatement. Hines, C. J., Melton, P. J., Benham, Hunstein, Nahmias, Blackwell, Boggs, and Peterson, JJ., concur.

Decided August 27, 2018.

Suspension.

Paula J. Frederick, General Counsel State Bar, Adrienne D. Nash, Jenny K. Mittelman, Assistant General Counsel State Bar, for State Bar of Georgia.