308 Ga. 233
FINAL COPY

S20Y0257.  IN THE MATTER OF MELVIN T. JOHNSON.

Per curiam.

This matter is before the Court on the Report and Recommendation of the special master, LaVonda R. DeWitt, recommending the disbarment of Melvin T. Johnson (State Bar No. 395044) based on his misconduct in connection with five client matters and multiple violations of the Georgia Rules of Professional Conduct, found in Bar Rule 4-102 (d).  Because Johnson has engaged in a pattern of serious misconduct and has shown contempt for the disciplinary process, we agree that disbarment is the appropriate sanction.

The five formal complaints underlying this matter were consolidated, and the special master entered a scheduling order on May 22, 2019, setting a September 19, 2019 deadline for completion of discovery.  The order provided that the failure to comply "may result in sanctions, including striking of pleadings and exclusion of witnesses and evidence."  The Bar served interrogatories, requests

for admissions,[1] and requests for production of documents on Johnson on May 28, 2019. Johnson was required to respond within 30 days. See Bar Rule 4-212 (c), OCGA §§ 9-11-33 (a) (2), 9-11-34 (b) (2), and 9-11-36 (a) (2). However, he failed to respond to the discovery requests in any manner and failed to respond to the Bar's motion for sanctions, which was filed on July 17, 2019.

The special master entered an order on August 2, 2019, granting the motion for sanctions, striking Johnson's answers, and deeming the facts alleged and the violations charged in the formal complaints admitted. Although Johnson contends that the special master erred in entering the sanctions order prior to his filing a response, neither the State Bar rules nor the Civil Practice Act, OCGA § 9-11-1 et seq., grants a respondent any particular time in which to respond to a sanctions motion,[2] and at the time the special

---

[1] The requests for admissions were filed in three of the five matters. Because Johnson failed to respond to the requests for admissions, the facts set forth within each request are deemed admitted. See OCGA § 9-11-36 (a) (2). However, given the Bar's framing of the requests in two of the matters, the admissions do not establish violations of the Rules of Professional Conduct.

[2] Although Uniform Superior Court Rule 6.2 provides that responses to motions shall be filed within 30 days after service, the superior court rules have

2

master entered the sanctions order, Johnson's discovery responses were more than two months overdue, without any explanation from Johnson. Furthermore, the Bar wrote Johnson on July 8, 2019, stating it would not move for sanctions if Johnson responded to discovery by July 15, 2019. Johnson failed to respond to the Bar's letter and has never attempted to offer any explanation for his utter failure to respond to the discovery requests.[3] Under these circumstances, we conclude that the record supports the special master's finding that Johnson intentionally or consciously failed to respond to the Bar's discovery requests. See *McConnell v. Wright*, 281 Ga. 868, 869-870 (644 SE2d 111) (2007) (a hearing is not absolutely necessary before imposing harsh sanctions for failure to

---

not been made applicable in disciplinary proceedings. See *In the Matter of Levine*, 303 Ga. 284, 285 n.1 (811 SE2d 349) (2018).

[3] The only filing Johnson made below was a meritless motion to recuse the special master, which the special master properly denied because the motion failed to articulate a basis for disqualification or recusal under the Code of Judicial Conduct but only cited the special master's sanctions order as the basis for the motion. See *Patel v. State of Ga.*, 289 Ga. 479, 486-487 (713 SE2d 381) (2011) (holding that a judicial ruling adverse to a party is not disqualifying, because for an alleged bias to be disqualifying, it "'must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" (citation omitted)).

3

comply with discovery where trial court can otherwise determine willfulness on the part of the party against whom the sanctions are sought). Accordingly, there was no abuse of the special master's discretion in striking Johnson's answers and finding him in default as a sanction for failure to engage in discovery. See, e.g., *In the Matter of Jefferson*, 307 Ga. 50 (834 SE2d 73) (2019) (special master did not abuse discretion in striking answer for respondent's willful failure to respond to discovery); *Resurgens, P.C. v. Elliott*, 301 Ga. 589, 597 (800 SE2d 580) (2017) (trial court has broad discretion to control discovery, including imposition of sanctions). As a result of his default, the facts alleged and violations charged in the formal complaints are deemed admitted. See Bar Rule 4-212 (a).

State Disciplinary Board Docket ("SDBD") No. 6899 addresses Johnson's misconduct in connection with his representation of a client in a domestic relations case. Johnson failed to appear, without explanation, at several hearings in the case, the last of which occurred on April 8, 2015, while Johnson was under interim

4

suspension.[4]  On April 9, 2015, the trial court received a fax from Johnson, stating that he was infirm and unable to appear.  The trial judge's secretary called Johnson and spoke with him, but Johnson did not inform her of his interim suspension.  We agree with the special master's conclusion that by this conduct Johnson violated Rules 1.3 and 3.3 (a), as alleged.  The maximum sanction for a violation of Rules 1.3 and 3.3 (a) is disbarment.

SDBD No. 6919 involves Johnson's representation of a client in an estate matter in which the client was the executor; in January 2012, the client gave Johnson two checks totaling $344,570.97, which Johnson failed to deposit in his IOLTA account, but instead deposited into another account.  Over the course of the next twelve months, Johnson gave the client misleading information about his handling of the funds and did not give the client an accounting of the funds, as the client requested, or promptly disburse the funds when requested.  In December 2012, Johnson finally returned the

---

[4] See *In the Matter of Johnson*, S15Y1054 (interim suspension imposed March 31, 2015, for failing to adequately respond to notice of investigation; suspension lifted April 23, 2015).

funds to the client but did so with a cashier's check, which was not drawn on his IOLTA account, in the amount of $344,584.97. We agree with the special master's conclusion that by this conduct Johnson violated Rules 1.15 (I) and (II) (b), and 8.4 (a) (4), as alleged. The maximum sanction for a violation of these Rules is disbarment.

SDBD No. 6994 involves Johnson's improper solicitation of a client. Johnson's office contacted the client one day after she was involved in an auto accident about representation in a personal injury action; however, she had not contacted Johnson about representation. Johnson's assistant met her, promised that Johnson would pay for her rental car, and accompanied her to the rental car company. She ultimately retained Johnson, and he performed work on the matter while he was under interim suspension in March and April 2015 and without disclosing his suspension.[5] During the representation, Johnson failed to adequately respond to his client's requests for information, failed to appear in court on her behalf, and sued her for legal fees after she terminated his representation.

---

[5] See n. 4, supra.

6

Although Johnson informed the Bar that he prevailed in his lawsuit against his client, he did not respond to the Bar's request for documents pertaining to his fee agreement or to the judgment in the suit against the client. We agree with the special master's conclusion that by this conduct Johnson violated Rules 1.2, 1.4, 5.5 (a), 7.3 (d), 8.1, and 8.4 (a) (4), as alleged. The maximum sanction for a violation of Rule 1.4 is a public reprimand, and the maximum sanction for a violation of the remaining rules is disbarment.

SDBD No. 7045 stems from Johnson's representation of a couple in a medical malpractice action in Alabama, where Johnson is not admitted to practice. The clients enlisted an Alabama attorney to serve as local counsel, but Johnson forged the Alabama attorney's signature on the complaint (the forgery came to light because the Alabama lawyer filed a notice of non-representation in the action). The Alabama court issued an order directing the clients to have an Alabama attorney file an entry of appearance, but Johnson did not inform the clients of this order and instead filed a dismissal without prejudice, also without informing the clients.

7

Johnson forged the clients' signatures on the certificate of service for the notice of dismissal. Two months later, Johnson falsely told the clients the case was progressing well. Johnson was indicted in Alabama in October 2015 on two counts of possession of a forged instrument.[6] In responding to the Bar, Johnson falsely communicated that the Alabama lawyer had authorized him to file the complaint. We agree with the special master's conclusion that by this conduct Johnson violated Rules 1.3, 1.4, 8.1, and 8.4 (a) (4), as alleged.

SDBD No. 7046 arises out of Johnson's representation of a client in a divorce action. While Johnson was under interim suspension in 2017,[7] he performed work on the matter and sought a continuance for a scheduled hearing without disclosing his suspension. However, the trial court notified Johnson that it was

---

[6] There is no indication in the special master's report of the disposition of these charges.

[7] See *In the Matter of Johnson*, S17Y0977 (interim suspension imposed January 30, 2017, for failing to adequately respond to notice of investigation; suspension lifted March 9, 2017).

aware of the suspension and directed the client and the other party to appear at the scheduled hearing to address the issue of representation. The client appeared and informed the court that Johnson had told him only the day before about the interim suspension; the client was given a continuance to obtain new counsel. Additionally, Johnson did not adequately communicate with the client during the representation. We agree with the special master's conclusion that by this conduct Johnson violated Rules 1.16 (a), 5.5 (a), and 8.4 (a) (4), as alleged. The maximum sanction for a violation of Rule 1.16 (a) is a public reprimand.

As did the special master, we look to the American Bar Association's Standards for Imposing Lawyer Sanctions (1992), see *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996), and find the following aggravating circumstances present: prior disciplinary offenses (a Formal Letter of Admonition and two Investigative Panel Reprimands in 2006); a dishonest or selfish motive; a pattern of misconduct and multiple offenses; intentional failure to comply with the rules of the disciplinary authorities;

refusal to acknowledge wrongful nature of his conduct; vulnerability of victims; substantial experience in the practice of law (Johnson was admitted to the Bar in 2001); and indifference to making restitution. See Standard 9.22 (a), (b), (c), (d), (e), (g), (h), (i), and (j). The special master found no mitigating factors, nor do we.

Johnson's violations in this case include very serious misconduct, including falsifying documents and violating the rules governing trust accounts, as well as repeated instances of neglecting clients, to their detriment. This misconduct, coupled with Johnson's repeated failures to cooperate in the disciplinary process, more than adequately supports our determination that disbarment is the appropriate sanction. See, e.g., *In the Matter of Sydnor*, 306 Ga. 383 (830 SE2d 732) (2019) (disbarring lawyer who forged client's signature on settlement check, deposited check in operating account instead of IOLTA account, and failed to disburse funds to client); *In the Matter of Garcia*, 303 Ga. 537 (813 SE2d 591) (2018) (disbarring lawyer who neglected client matters and failed to adequately respond in disciplinary proceedings); and *In the Matter of Hooks*, 292

Ga. 781 (741 SE2d 645) (2013) (disbarring lawyer who neglected clients' matters, continued to practice law while his license was suspended, violated Rules governing IOLTA accounts, and failed to respond in to disciplinary authorities).  Accordingly, it is hereby ordered that the name of Melvin T. Johnson be removed from the rolls of persons authorized to practice law in the State of Georgia.[8] Johnson is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred.  All the Justices concur.*

DECIDED FEBRUARY 10, 2020
--- RECONSIDERATION DISMISSED MARCH 13, 2020.
Disbarment.
*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar*, for State Bar of Georgia,

---

[8] Separately pending matters, *In the Matter of Johnson*, S18Y0462, S18Y0463, and S18Y0464, will be placed on the Court's inactive docket and held, pending any application by Johnson for reinstatement to the practice of law in the State of Georgia.