**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 25, 2025

# In the Court of Appeals of Georgia

A25A0132. ROBERTS v. THE STATE.

RICKMAN, Presiding Judge.

After being held in contempt of court, Grady Alexander Roberts, III moves to set aside his guilty plea to the charge of unauthorized practice of law, arguing that the conviction violated the constitutional protections against double jeopardy. He further contends that the court erred when it determined that he was not authorized to practice law in Georgia. Because Roberts has failed to meet his burden of proof on the record before this Court, we affirm.

Roberts's double jeopardy challenge to his unauthorized practice of law conviction is premised upon his having previously been held in criminal contempt of court; however, the record does not contain a written contempt order or a transcript

from either the contempt proceeding nor the guilty-plea hearing. Nevertheless, the facts that can be gleaned from the record are as follows.

Roberts had been an attorney licensed to practice law in Georgia, but was disbarred by the Supreme Court of Georgia on August 9, 2022. See *In the Matter of Roberts*, 314 Ga. 510, 518 (877 SE2d 266) (2022). In September 2022, Roberts entered into the Douglasville Municipal Court and signed in on the attorney sign in sheet and then signed and filed an "entry of appearance" on behalf of a client in that court.[1] The trial judge, who was unfamiliar with Roberts but was suspicious because of his unkempt appearance in blue jeans, an untucked shirt, and a baseball cap, requested that the court clerk look up Roberts on the State Bar of Georgia website in order to confirm that he was, in fact, an attorney. The website indicated that Roberts had been disbarred.

The trial court thereafter ordered that Roberts, who had already left the courtroom, be returned. Law enforcement officers located Roberts in the parking lot, where they observed that he smelled of alcohol and had bloodshot, watery eyes.

---

[1] All facts set forth herein related to the contempt action were taken from the narrative report of one of the law enforcement officers.

Roberts was taken before the trial judge, who held him in contempt of court and ordered that he serve 72 hours in jail.

The State then filed an accusation charging Roberts with one count of unauthorized practice of law in violation of OCGA § 15-19-51. Roberts pled guilty to the crime and was given a sentence of 12 months, 72 hours to serve with credit for time served and the remainder on probation. He deliberately omitted the transcript of the plea hearing from the appellate record.

1. Roberts contends that the general principles of double jeopardy barred his conviction on unauthorized practice of law after he had been held in contempt of court, allegedly for the same conduct. There is no evidence that Roberts raised double jeopardy in the trial court but, regardless, he has failed to meet his burden of proving that he was jailed for the same conduct.

Although the trial court was authorized to hold Roberts in contempt of court for filing a notice of appearance on behalf of a client despite him having been disbarred, the trial court was also authorized to hold him in contempt for appearing in court with alcohol on his breath and showing other signs of possible impairment.[2]

---

[2] To the extent the State contends that Roberts was held in civil, as opposed to criminal, contempt due to his potential impairment, the State is incorrect. See

3

See OCGA § 15-1-4 (a) (1), (2), (3) ("The powers of the several courts to . . . inflict summary punishment for contempt of court shall extend . . . to cases of (1) [m]isbehavior of any person or persons in the presence of such courts . . . as to obstruct the administration of justice; (2) [m]isbehavior of any of the officers of the courts in their official transactions; [and] (3) [d]isobedience or . . . by any . . . person . . . to any lawful . . . order [or] decree"); see also *In Interest of K. J.*, 340 Ga. App. 468, 471 (2) (798 SE2d 9) (2017) ("The act of appearing in court in an impaired state is a direct contempt."). In the absence of a written contempt order explaining the trial court's ruling or a transcript of either proceeding, Roberts has failed to meet his burden of establishing that the contempt and the criminal conviction imposed punishment for the same conduct. See generally *Thompson v. State*, 269 Ga. App. 77, 77 (603 SE2d 684) (2004) ("In order for the appellate court to determine whether the judgment appealed from was erroneous, it is the duty of the appellant to include in the

---

*American Medical Security Group v. Parker*, 284 Ga. 102, 104 (5) (663 SE2d 697) (2008) ("[C]riminal contempt imposes unconditional punishment for prior acts of contumacy whereas civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order.") (citation and punctuation omitted); *Hayes v. State*, 298 Ga. App. 419, 423 (2) (680 SE2d 508) (2009) (physical precedent only) (recognizing that a court sanction imposed for appearing in court impaired by alcohol amounts to criminal, as opposed to civil, contempt).

record those items which will enable the appellate court to perform an objective review of the evidence and proceedings.") (citation and punctuation omitted).

2. Roberts contends that the trial court erred when it determined that he was not licensed to practice law in Georgia. First, Roberts pled guilty to the charge of unauthorized practice of law; therefore, he cannot now contest the evidence underlying that conviction. See generally *Wilson v. State*, 302 Ga. App. 433, 435 (3) (691 SE2d 308) (2010) (recognizing that a criminal defendant who knowingly and voluntarily enters a guilty plea cannot challenge the sufficiency of the evidence because he or she "has waived all defenses, known or unknown") (citation and punctuation omitted). Regardless, his argument completely lacks merit. See *In the Matter of Roberts*, 314 Ga. at 518 ("[I]t is hereby ordered that the name of Grady Alexander Roberts III be removed from the rolls of persons authorized to practice law in the State of Georgia.").

*Judgment affirmed. Gobeil and Davis, JJ., concur.*