## S13Y1621. IN THE MATTER OF HENRY LAMAR WILLIS.
### (749 SE2d 740)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Review Panel in which it finds that Respondent Henry Lamar Willis (State Bar No. 885497) violated Bar Rules 1.3, 1.15 (I) (a) and (b), 1.15 (II) (a) and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), and recommends that he be disbarred. The State Bar filed a Formal Complaint against Willis, but he failed to answer, so the State Bar sought and obtained from the special master, Joseph Szczecko, an order entering a default judgment, thus finding the facts alleged and violations charged in the Formal Complaint deemed admitted, see Bar Rule 4-212 (a). The special master issued his Report, recommending that Willis be disbarred. As detailed in the Report and deemed admitted by virtue of the default, Willis represented a client as the plaintiff in a personal injury action. The parties settled the case, with the defendants to pay $30,000 to Willis's client. The defendants sent the check to Willis, made payable to him and his client, but he deposited the check into his personal or business account; Willis did not maintain an attorney trust account, and he converted the funds to his own use. When Willis failed to distribute the funds in accordance with the order of the court, the court ordered the defendants to pay the plaintiff directly, thus requiring them to pay twice and seek reimbursement from Willis. Despite requests to do so, Willis has not reimbursed the defendants.

Willis filed a motion asking the special master to reconsider his report or, in the alternative, for a Review Panel review. The special master denied the motion for reconsideration, in which Willis asked that several additional facts be included in the special master's report in clarification and in mitigation of discipline. The Review Panel agreed with the special master's refusal to reconsider the report as Willis had the opportunity to submit evidence in response to the Formal Complaint and timely answer but failed to do so and failed to comply with the procedures to open default. The Review Panel also declined to adopt Willis's proposed evidence in mitigation because his motion for reconsideration was not submitted under oath and offers no documented excuse for his failure to respond to the proceedings in a timely fashion. Moreover, the Review Panel found not credible

Willis's assertion that his depression left him unable to respond because Willis points to his continued active involvement in community affairs during this same time period, which appears to have taken priority over his obligation to his client and duty to respond to disciplinary authorities. The Review Panel found no factors in mitigation of discipline, and in aggravation, found multiple offenses, obstruction of the disciplinary process by not answering the complaint, and indifference to making restitution.

Having reviewed the record, we agree with the Review Panel that the facts in this case demonstrate Willis's extreme disregard of his duty to safeguard the property of a client, which undermines the public trust. Accordingly, we hereby order that the name of Henry Lamar Willis be removed from the rolls of persons entitled to practice law in the State of Georgia. Willis is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 7, 2013.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar,* for State Bar of Georgia.