findings of fact or otherwise, even when Father repeatedly focused on the absence of the required deviation findings in the motions he filed after the original divorce order was entered. To avoid the delay and expense of appeals and proceedings on remand, parties asking trial courts to apply deviations in child support awards should assist busy judges in ensuring that all of the written findings necessary to support such deviations have been included in the child support judgment.

*Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur, except Hunstein, J., who dissents.*

HUNSTEIN, Justice, dissenting.

The majority adopts a needlessly literalistic construction of the child support statute in reaching a conclusion that will have no practical effect other than to prolong this divorce litigation. The result here takes the worthy goal of statutory compliance to the extreme and, in so doing, delays resolution of the parties' divorce and disserves the children whose best interests the majority claims to be protecting. I see no need for the trial court to further "connect the dots" as to its reasoning supporting the deviation, which is patently obvious from the written findings the trial court made in the December 2013 amendment. Accordingly, I must respectfully dissent.

DECIDED NOVEMBER 3, 2014.

*Conner & Conner, Stacie A. Conner*, for appellant.
*Wall Shafer, Lee Wall O. Shafer*, for appellee.

S14Y0990, S14Y0991, S14Y1126, S14Y1127. IN THE MATTER OF DONALD L. JONES (four cases).
(765 SE2d 360)

PER CURIAM.

These disciplinary matters are before the Court on four Notices of Discipline seeking the disbarment of Donald L. Jones (State Bar No. 399850). The State Bar attempted to serve Jones personally at the address listed with the State Bar, but the sheriff filed returns of service non est inventus. The State Bar then properly served Jones by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). Jones failed to file a Notice of Rejection in these cases. Therefore, he is in default, has waived his rights to an evidentiary hearing, and is subject to such

discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Jones's default, show that Jones, who was admitted to the Bar in 1977, was retained by four clients to represent them in personal injury cases. After settling the cases for amounts ranging from $20,000 to $299,000, Jones failed to remit all the settlement monies due to the clients and failed to account for the monies. Instead, he abandoned his practice, withdrew the funds from his trust account, and absconded with the clients' funds. Additionally, Jones failed to file sworn, written responses to the Notices of Investigation as required by Bar Rule 4-204.3.

Based on these facts, the Investigative Panel found probable cause to believe that Jones violated Rules 1.3, 1.4, 1.15 (I), 1.15 (II), 8.4 (a) (4), and 9.3, of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.3, 1.15 (I), 1.15 (II), and 8.4 (a) (4) is disbarment, and the maximum sanction for a violation of Rules 1.4 and 9.3 is a public reprimand.

Having reviewed the records, we conclude that disbarment is the appropriate sanction in these matters. Accordingly, it is hereby ordered that the name of Donald L. Jones be removed from the rolls of persons authorized to practice law in the State of Georgia. Jones is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 3, 2014.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.

S14Y1280. IN THE MATTER OF STEPHEN L. MINSK.
(765 SE2d 361)

PER CURIAM.

This matter is before the Court on the Notice of Discipline seeking the disbarment of Stephen L. Minsk (State Bar No. 511366). Minsk acknowledged service of the notice but he failed to file a Notice of Rejection, so he is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court, see Bar Rule 4-208.1 (b). We agree with the State Bar that disbarment is appropriate.

The facts, as deemed admitted by Minsk's default, show that in 2012 Minsk, who was admitted to practice in 1985, filed a Chapter 7