297 Ga. 142
FINAL COPY

S15Y0228, S15Y0229. IN THE MATTER OF ROBERT GIST (two cases).

PER CURIAM.

These disciplinary matters are before the Court on Notices of Discipline seeking the disbarment of Robert Gist (State Bar No. 296269). The State Bar attempted to serve Gist personally at the address listed with the State Bar, which was a post office box, but Gist did not acknowledge service of the disciplinary pleadings within 20 days of mailing. The State Bar then properly served Gist by publication, pursuant to Bar Rule 4-203.1 (b) (3) (ii). Gist failed to file a Notice of Rejection. Therefore, he is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Gist's default, show that, with regard to S15Y0228, Gist administered a trust for a since-deceased client, for whom he had drafted a will, but failed to communicate with or timely respond to requests from a co-trustee, ceased providing statements regarding the trust in December 2007, failed to provide an accounting and other information requested

by the co-trustee, and wrote checks on behalf of the trust from an account that was not an attorney trust account. In an August 2013 letter sent to the co-trustee's counsel, Gist denied that he represented the since-deceased client or the trust and stated that there were no longer funds available from the trust. Gist was served by publication and mail with a Notice of Investigation, but he failed to file a timely sworn, written response, as required by Bar Rule 4-204.3. As of July 1, 2014, Gist is under an administrative suspension for his failure to pay Bar dues, and this Court suspended Gist on December 9, 2013, for failure to comply with the rules concerning mandatory legal education.

As to S15Y0229, the facts show that, on June 1, 2013, Gist signed a letter in proceedings related to his work as a General Securities Representative with the Financial Industry Regulatory Authority, consenting to findings related to certain conduct. Specifically, from 2003 to 2011, Gist misappropriated several million dollars invested by more than 30 clients. Gist misrepresented that he would invest the clients' money in securities, but instead funneled the money into ENCAP Technologies, LLC, a company he co-founded. Gist perpetuated the scheme by sending clients wholly fabricated account statements and by making periodic payments with funds obtained from other investors or from

selling units of ENCAP.

Based on these facts, the Investigative Panel found probable cause to believe that, with regard to S15Y0228, Gist violated Rules 1.2, 1.3, 1.4, 1.15 (I), 1.15 (II), 1.16, 8.4 (a) (4), and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). As to S15Y0229, the Investigative Panel found probable cause to believe that Gist violated Rules 1.15 (I), 1.15 (II), 8.4 (a) (4), and 9.3. The maximum sanction for a violation of Rules 1.2, 1.3, 1.15 (I), 1.15 (II), and 8.4 (a) (4) is disbarment, and the maximum sanction for a violation of Rules 1.4, 1.16, and 9.3 is a public reprimand. In aggravation of discipline, the Investigative Panel found that Gist had a dishonest or selfish motive; that these two matters, taken together, suggest a pattern of misconduct; that the complainants were vulnerable victims; that Gist has experience in the practice of law, having been admitted in 1980; and that Gist shows indifference to making restitution.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Robert Gist be removed from the rolls of persons authorized to practice law in the State of Georgia. Gist is reminded of his duties pursuant to Bar Rule

3

4-219 (c).

Disbarred.  All the Justices concur.


Decided May 11, 2015.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar, for State Bar of Georgia.