In the Supreme Court of Georgia

Decided:     September 14, 2015

S15Y1234.  IN THE MATTER OF TESHA NICOLE CLEMMONS.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of Tesha Nicole Clemmons (State Bar No. 110306). On May 21, 2015, Clemmons acknowledged service of the Notice of Discipline, but failed to file a timely Notice of Rejection. See Bar Rule 4-208.3 (Notice of Rejection must be filed within 30 days following service of the Notice of Discipline).

On August 13, 2015, Clemmons filed an untimely Notice of Rejection along with a "Motion to Reopen Default." Pretermitting whether such a motion is permissible in this circumstance, compare In the Matter of Turk, 267 Ga. 30 (471 SE2d 842) (1996) (declining to allow attorney to open default in disciplinary case initiated with the filing of a formal complaint and pending before a special master), we find the motion to be without merit and hereby deny it. Thus, Clemmons is in default, has waived her rights to an evidentiary

hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

Clemmons was admitted to the Bar in 2006. The facts, as deemed admitted by virtue of her default, show that Clemmons was retained by a client in February 2014 to pursue recovery for personal injuries arising out of an automobile accident; the client had incurred approximately $6,365 in medical expenses related to the accident. Clemmons did not maintain communication with the client and failed to respond to the client's repeated efforts to contact her. In July 2014, without the client's knowledge or agreement, Clemmons settled the claim with the insurer for $1,500. Without notifying the client of the settlement or receipt of the check, Clemmons endorsed the check on behalf of the client and deposited it in her trust account. She has failed to disburse any proceeds to the client and failed to maintain the proceeds in her trust account. In her response to the Investigate Panel, Clemmons made false statements regarding her communications with the client.

Based on these facts, the Investigative Panel found probable cause to believe that Clemmons violated Rules 1.2 (a), 1.3, 1.4, 1.15 (I), 1.15 (II), 8.1, and 8.4 (a) (4), of the Georgia Rules of Professional Conduct found in Bar Rule

4-102 (d). The maximum sanction for a violation of Rules 1.2, 1.3, 1.15 (I), 1.15 (II), 8.1, and 8.4 (a) (4) is disbarment, and the maximum sanction for a violation of Rule 1.4, is a public reprimand.

In aggravation of discipline, the Investigative Panel considered that Clemmons acted willfully and dishonestly and that six formal complaints are currently pending before a Special Master. Additionally, Clemmons's disciplinary history shows that she received an Investigate Panel reprimand in 2013 and a formal letter of admonition in 2011.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Tesha Nicole Clemmons be removed from the rolls of persons authorized to practice law in the State of Georgia. Clemmons is reminded of her duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.