In the Supreme Court of Georgia

Decided:    October 5, 2015

S15Y1230, S15Y1231.  IN THE MATTER OF JOEL DAVID MYERS.

PER CURIAM.

These disciplinary matters are before the Court on the Notices of Discipline seeking disbarment of Joel David Myers (State Bar No. 533147). The State Bar attempted to serve Myers personally at the address listed with the State Bar, but the sheriff filed a return of service non est inventus.  The State Bar then properly served Myers by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii), but Myers failed to file Notices of Rejection.  Therefore, he is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court.  See Bar Rule 4-208.1 (b).  This Court previously entered an order of suspension for Myers' failure to respond to the Notice of Investigation, see In the Matter of Myers, S15Y0474 (Dec. 1, 2014).

The facts, as deemed admitted by virtue of Myers' default, show that in S15Y1230, Myers, who was admitted to the Bar in 1998, was retained by a

client to represent him in a civil case, but Myers did not adequately communicate with his client and did not respond to his client's repeated requests for information about the status and progress of the case. Myers did not file pleadings in the case, did not file for summary judgment and did not respond to discovery. Although the client paid Myers substantial fees, Myers either did not complete the work or charged unreasonable fees for the work he did accomplish. Myers misrepresented to his client what work he had completed and the justification for the fees he charged. The client consequently undertook to represent himself pro se and allowed Myers to withdraw by filing a substitution of counsel. Myers refused to refund attorney's fees the client had paid and Myers had not earned. Myers failed to respond to the Notice of Investigation after his client filed a grievance against him. Based on these facts, the Investigative Panel found probable cause to believe that Myers violated Rules 1.3, 1.4, 1.5, 1.16 (d), 3.2, 8.4 (a) (4) and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).

In S15Y1231, the facts show that a client hired Myers to represent him to file design and patent applications with the United States Patent and Trademark Office ("USPTO"), and he paid Myers for the work plus additional sums to hold

in trust for the required filing fees. Myers was vague when his client inquired about the status of the matter and said only that it was proceeding properly. Myers falsely told his client that he had filed all the applications, fees and declarations but he had not done so, causing the applications to be deficient and subject to being declared abandoned by the USPTO. The client discovered that Myers had billed him twice for the same work, which resulted in Myers charging unreasonable fees. In addition, Myers convinced his client to lend him $600 without the required consultation or consent necessary to enter into a business transaction with a client. The client learned from the USPTO that Myers had not paid the filing fee or submitted the declarations to support the patent applications, so he discharged Myers and hired new counsel, thus causing him to pay substantial fees to correct Myers' failures and deficiencies. Myers failed to respond to the Notice of Investigation in this matter as well. By his conduct the Investigative Panel found probable cause to believe that he violated Rules 1.3, 1.4, 1.5, 1.8, 1.15 (I), 1.15 (II), 3.2, 8.4 (a) (4) and 9.3.

The maximum sanction for violating Rules 1.3, 8.4, 1.15 (I) and 1.15 (II) is disbarment; the maximum sanction for violating Rules 1.4, 1.5, 1.8, 1.16, 3.2 and 9.3 is a public reprimand. In aggravation of discipline, the Investigative

3

Panel cited Myers' deceptive conduct and false statements to his clients. Having reviewed the record, we conclude that disbarment is the appropriate sanction in these matters. Accordingly, it hereby is ordered that the name of Joel David Myers be removed from the rolls of persons authorized to practice law in the State of Georgia. Myers is reminded of his duties under Bar Rule 4-219 (c).

<u>Disbarred. All the Justices concur</u>.