In the Supreme Court of Georgia

Decided:    October 19, 2015

S15Y1627, S15Y1628.  IN THE MATTER OF DOUGLAS J. MATHIS.

PER CURIAM.

These disciplinary matters are before the Court on the State Bar's issuance of two Notices of Discipline for the disbarment of Respondent Douglas J. Mathis (State Bar No. 477039) based on his violations of Rules 1.3, 1.4, 1.15 (I), 1.15 (II) (a) and (b), 8.4 (a) (4), and 9.3 of the Georgia Rules of Professional Conduct.  See Bar Rule 4-102 (d).  The maximum sanction for a violation of Rules 1.3, 1.15 (I), 1.15 (II) (a) and (b), and 8.4 (a) (4) is disbarment; the maximum sanction for a violation of Rules 1.4 and 9.3 is a public reprimand. Because Mathis's official address provided to the State Bar is a post office box, he was served by publication pursuant to Rule 4-203.1 (b) (3) (ii) on July 29, 2015, and August 5, 2015.  Mathis failed to respond to the Notices of Investigation and failed to file Notices of Rejection.  Accordingly, Mathis is in default, has no right to an evidentiary hearing, and is subject to such discipline

and further proceedings as may be determined by this Court. See Bar Rule 4-208.1.

In S15Y1627, a client retained Mathis to conduct a real estate closing and wired him approximately $135,000 in advance of the closing. Mathis received the funds in his fiduciary capacity. He conducted the closing and issued a settlement statement to the parties, but the seller subsequently notified the client that it had not received any funds from the sale or a copy of the warranty deed. Upon attempting to contact Mathis, the client determined that he had disappeared and that his law office was abandoned. Mathis converted the client's funds to his own use.

In S15Y1628, Mathis drafted estate planning documents for a couple and kept their original wills. Mathis was appointed the successor trustee of the husband's irrevocable trust and held the funds in trust in a fiduciary capacity. When the husband died in June 2014, the wife attempted to obtain the husband's original will from Mathis, but he did not return her calls. She determined that Mathis had disappeared and had abandoned his law office. A new trustee was appointed, who determined that Mathis had converted funds from the trust to his own use.

This Court appointed receivers to take possession of Mathis's files in September 2014 and entered an interim suspension against him in April 2015. In aggravation of discipline in both matters, the State Bar noted Mathis's selfish and dishonest motive and a pattern of client neglect and dishonesty due to the multiple cases.

Based on our review of the record, we agree with the State Bar that disbarment is the appropriate sanction in these matters, particularly as it appears that Mathis acted willfully and dishonestly in converting his clients' funds. Indeed, this appears to be a case for criminal prosecution. Accordingly, the name of Douglas J. Mathis is hereby removed from the rolls of persons entitled to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

Disbarred. All the Justices concur.