304 Ga. 645
FINAL COPY

S19Y0155.  IN THE MATTER OF ANTHONY EUGENE CHEATHAM.

PER CURIAM.

This disciplinary matter[1] is before the Court on the report and recommendation of special master Trishanda Treadwell recommending that Anthony Eugene Cheatham (State Bar No. 122215) be disbarred for his misconduct in relation to a real estate closing in which he converted the sales proceeds to his own use.  Cheatham is currently suspended until further order of this Court because of his failure to respond to a Notice of Investigation unrelated to the allegations set forth in the formal complaint before the Court here.  See S18Y1382 (June 18, 2018).

The State Bar brought its formal complaint in April 2018.  Cheatham, who was admitted to the Bar in 1991, was personally served with the formal

---

[1] On January 12, 2018, this Court entered an order amending Part IV of the Rules and Regulations for the Organization and Government of the State Bar of Georgia ("Bar Rules"), including Bar Rule 4-102 (d), which contains the Georgia Rules of Professional Conduct. The order provided that, with two exceptions not applicable here, "these amendments shall be effective as of July 1, 2018 and shall apply to disciplinary proceedings commenced on or after that date."  The order further specified that "the former rules shall continue to apply to disciplinary proceedings commenced before July 1, 2018."

complaint on May 2, 2018, but he failed to file an answer and was found in default by the special master. See Bar Rule 4-212 (a). The facts, as established by Cheatham's default and as found by the special master, are that in May 2017 Cheatham agreed to close a real estate transaction. However, at the time that he agreed to represent the purchasers in this real estate transaction, Cheatham had already been administratively suspended from the practice of law on May 5, 2017 for failure to complete CLE requirements, and that suspension was to extend through August 4, 2017. While Cheatham was suspended from the practice of law, he received into his IOLTA account a wire transfer of $140,600 from the purchasers to fund the purchase; he had also received a $1,000 check as earnest money. He converted the funds to his own use and commingled the funds with his personal funds. He closed the sale on July 13, 2017, but did not have sufficient funds to promptly disburse the proceeds of the sale to the seller. Instead he made incremental payments and misled both the seller and purchasers about the reasons therefor. He issued one check for $56,880 on July 25, 2017, but stopped payment on the check the next day because he knew there were insufficient funds in his IOLTA account. Additionally, Cheatham failed to timely prepare and record the warranty deed for the real estate deal; failed to

2

communicate with the seller and purchasers regarding the deed; failed to account for the proceeds of the sale when asked to do so; and abandoned the completion of the sale to the detriment of the seller and purchasers.

In light of this conduct, the special master correctly determined that Cheatham violated Rules 1.3, 1.4, 1.15 (I) (a) and (c), 1.15 (II) (a) and (b), 5.5 (a), and 8.4 (a) (4) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.4 is a public reprimand, and the maximum sanction for a violation of the remaining rules is disbarment. The special master, after considering the ABA Standards for Imposing Lawyer Sanctions, see In the Matter of Morse, 266 Ga. 652, 653 (470 SE2d 232) (1996), found that the following factors in aggravation applied: dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the disciplinary rules, vulnerability of the victim, and substantial experience in the practice of law. See ABA Standard 9.22. The special master also concluded that disbarment was consistent with prior cases disbarring lawyers who abandoned clients, stole money, acted dishonestly, and defaulted in the disciplinary process. See In the Matter of Snipes, 303 Ga. 800 (815 SE2d 54) (2018) (disbarment ordered for attorney who settled case without client's knowledge and converted funds to personal

3

use); In the Matter of Mathis, 297 Ga. 867 (778 SE2d 793) (2015) (disbarment ordered for attorney who misappropriated client funds that had been wired to attorney in advance of a real estate closing); In the Matter of Myers, 297 Ga. 783 (778 SE2d 223) (2015) (disbarment ordered for attorney who abandoned two clients, charged unreasonable fees, refused to refund unearned fees, and failed to respond to disciplinary authorities); In the Matter of Gist, 297 Ga. 142 (772 SE2d 705) (2015) (disbarment ordered for attorney who, as trustee for a client's trust, failed to provide an accounting when requested by co-trustee and wrote checks from a non-IOLTA account and who, as a financial services professional, misappropriated millions of dollars invested by more than 30 clients); and In the Matter of Jones, 296 Ga. 151 (765 SE2d 360) (2014) (disbarment ordered for attorney who absconded with client funds and failed to respond to disciplinary authorities). See also ABA Standards 4.11 (a), 4.41 (b), 4.61, and 7.1. In addition, this Court notes that Cheatham committed these violations while under suspension from the practice of law.

Having considered the record, we agree that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Anthony Eugene Cheatham be removed from the rolls of persons authorized to

practice law in the State of Georgia. Cheatham is reminded of his duties pursuant to former Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided October 22, 2018.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar, for State Bar of Georgia.