318 Ga. 704
FINAL COPY

S24Z0598. IN THE MATTER OF JOEL DAVID MYERS.

PER CURIAM.

This matter is before the Court on Joel David Myers's Application for Certification of Fitness to Practice Law pursuant to Part A, Section 10 of the Rules Governing Admission to the Practice of Law in Georgia (the "Bar Admission Rules"). Myers was originally admitted to the Bar in 1998 and worked at various iterations of his own law firm from 1999-2009, with the most recent being Myers & Associates Intellectual Property Law. In the winter of 2014, Myers failed to respond to the State Bar's Notice of Investigation related to a client grievance, and this Court suspended him from the practice of law in Georgia "until further order of [the] Court." See Case No. S15Y0474 (Dec. 1, 2014). Then, in October 2015, this Court considered two separate Notices of Discipline, alleging that Myers had violated Rules 1.3, 1.4, 1.5, 1.8, 1.15 (I), 1.15 (II), 1.16 (d), 3.2, 8.4 (a) (4), and 9.3 of the Georgia Rules of Professional Conduct, see

Bar Rule 4-102 (d), in his interactions with two clients in unrelated matters. Because Myers failed to timely reject the Notices of Discipline, he was found to be in default as to those matters and the alleged facts were deemed admitted. See Bar Rule 4-208.1 (b). After consideration of the record, this Court disbarred Myers. See *In the Matter of Myers*, 297 Ga. 783 (778 SE2d 223) (2015).

Asserting that his disbarment was the result of various significant stressors in his life, which led to a lengthy battle with untreated depression, and stating that he has taken steps to work through that depression to the point that he is rehabilitated, Myers now seeks readmission. Following review of his application and his appearance at an informal conference, the Board to Determine Fitness of Bar Applicants (the "Fitness Board") voted to recommend granting Myers's application. The application is now before this Court for final adjudication. See Bar Admission Rules, Part A, § 10 (e) ("[t]he Supreme Court shall make the final determination regarding certification of fitness" of attorneys applying for readmission to the practice of law).

In connection with his application for readmission, Myers filed a statement of rehabilitation in accordance with *In re Cason*, 249 Ga. 806 (294 SE2d 520) (1982). He explained that, beginning in 2009, he experienced several major upheavals in his life that led to an "undiagnosed severe depression" for five to six years. He admitted that, as his depression and life worsened, he engaged in the behavior which led to his disbarment, and that he "was not mentally capable of providing a thorough response" to the 2013 and 2014 grievances filed against him. Myers expressed that he "feel[s] horrible about [his] behavior that hurt so many and led to [his] disbarment," and he "take[s] full responsibility for [his] actions." According to Myers, he started to overcome his depression in 2015 by focusing on raising his son and rebuilding his life. After working various jobs to regain financial stability, Myers reached out to one of the clients involved in the case that led to his disbarment, offering to pay the former client full restitution, but the client declined that offer.

Myers has also submitted letters of recommendation from his current boss (and former law partner) and others who know him through his volunteer work, all of whom attest to Myers's professionalism, high moral character, and his ongoing commitment to his work at their organizations. Notably, Myers's former partner describes Myers as a "prompt, diligent, respectful, and skillful" worker and states his support for Myers's readmission, noting that "[p]rior to [the] issues [that led to Myers's disbarment], he was an excellent, diligent, and caring attorney and law partner" and that Myers "is capable of regaining that status."

As part of its investigation, the Fitness Board provided notice to the State Bar of Georgia and to the bar membership and chief judge of the Atlanta Judicial Circuit where Myers practiced, provided newspaper notice to the public in the area where Myers had practiced, and sought confirmation from the Client Security Fund that no restitution was due. See Part A, § 10 (d) (1)-(4) of the Bar Admission Rules. The Fitness Board received no response from members of the public or the judiciary, but the State Bar responded

4

that, although there were other grievances filed against Myers during and after the proceedings resulting in his disbarment, the Bar had abandoned those matters as moot and had no plans to pursue them.[1] Moreover, none of the matters before the Bar required Myers to make restitution to the Client Security Fund.

At a conference before the Fitness Board, Myers took full responsibility for his actions and made no excuses for them. He expressed remorse for his actions and described his path to recovery. After considering Myers's testimony and written submissions, the Fitness Board concluded that he had, by clear and convincing evidence, carried his burden of demonstrating rehabilitation and recommended that he be readmitted to the Bar. See *In re Cason*, 249 Ga. at 808-809 (explaining that bar admission applicants bear the burden to establish rehabilitation by clear and convincing evidence, and "rehabilitation is the reestablishment of the reputation of a

---

[1] The Bar did not specify the nature of the grievances that it dismissed as moot.

5

person by his or her restoration to a useful and constructive place in society," including "[t]he requirement of positive action").

Upon consideration of the entire record, we defer to the Fitness Board's determination that Myers has shown that he is entitled to be certified as fit to practice law in Georgia. Accordingly, as it appears that Myers has satisfied all of the requirements for approval of his application for certification of fitness, see Bar Admission Rules, Part A, Section 10, this Court hereby grants Myers's application for certification of fitness and orders that, upon satisfaction of all the requirements of Part B of the Bar Admission Rules, including taking and passing the Georgia Bar Examination, Myers may be readmitted as an attorney licensed to practice law in the State of Georgia.

*Certification of fitness for readmission granted. All the Justices concur.*

Decided March 19, 2024.

Certification of fitness to practice law.

*John A. Earles, Kevin C. Wilson*, for Office of Bar Admissions.

*Christopher M. Carr, Attorney General, Russell D. Willard, Senior Assistant Attorney General*, for Board to Determine Fitness of Bar Applicants.

*Akin & Tate, S. Lester Tate III*, for Myers.