**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: March 18, 2025

S25Z0397. IN THE MATTER OF HENRY LAMAR WILLIS.

PER CURIAM.

This matter is before the Court on Henry Lamar Willis's Application for Certification of Fitness to Practice Law pursuant to Part A, Section 10 of the Rules Governing Admission to the Practice of Law in Georgia (the "Rules"). Willis was admitted to the Bar in 2006 and established a law firm that year. In the fall of 2012, Willis failed to respond to the State Bar's Formal Complaint against him related to his failure to properly maintain and disburse $30,000 in settlement funds to a client and his improper conversion of the funds for personal use. See *In the Matter of Willis*, 293 Ga. 781, 781 (749 SE2d 740) (2013). The special master overseeing the matter entered an order of default judgment, such that the alleged facts in the Formal Complaint were deemed admitted, see Bar Rule 4-208.1 (b),

and recommended that this Court disbar Willis. See id. On October 7, 2013, this Court disbarred Willis for his violations of Rules 1.3 (requiring a lawyer to act with reasonable diligence and promptness in representing a client), 1.15 (I) (a) (requiring a lawyer to keep client funds separate from the lawyer's own funds) and (b) (providing that a lawyer may not disregard a third person's interest in funds), 1.15 (II) (a) (requiring a lawyer to deposit funds held for a client in a trust account), and 8.4 (a) (4) (providing that a lawyer may not engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). See id. at 782.

Willis now seeks readmission to the Bar, claiming that he has undergone a twelve-year rehabilitation process since disbarment. Following review of his Application and his appearance at an informal conference, the Board to Determine Fitness of Bar Applicants (the "Fitness Board") voted to recommend granting Willis's Application. The Application is now before this Court for final adjudication. See Bar Admission Rules, Part A, Section 10 (e)

("[t]he Supreme Court shall make the final determination regarding certification of fitness" of attorneys applying for readmission to the practice of law).

In connection with his Application, Willis filed a statement of rehabilitation in accordance with *In re Cason*, 249 Ga. 806, 808-809 (294 SE2d 520) (1982), in which he explains that "[b]etween the years of 2010 and 2013 . . . [his] nearly seventeen . . . year marriage . . . was clearly coming to an end," "everything [he] had worked so hard to build in [his] professional and civic life seemed to be on the same treacherous path," and he "fell into a state of analysis paralysis." Willis further states that, following his divorce and disbarment, he lost his bid for re-election to the Atlanta City Council, such that "[t]hree of the most significant accomplishments of [his] life . . . had all come to a very difficult end and it all played out very publicly both in television and print." Willis also states that, since his disbarment, he has paid all funds due; turned to prayer, exercise, meditation, counseling, and journaling; developed a business with his son; ventured into the world of government and

3

public affairs by opening a consulting business; served on the Board of Advisors for a real estate development company; and was approved to serve on the Atlanta Beltline Technical Advisory Board. Also in connection with his application, Willis submitted letters of recommendation from five attorneys and one Atlanta city council member. All of these individuals have known Willis for at least twelve years and describe him as an "upstanding member of the community," an "excellent person . . . [who] has taken full responsibility for any mistakes he may have made," a "new and better version of himself" following his disbarment, a "trusted and respected" colleague, a man who has done the "'[h]ard work' and the '[h]eart work' on his journey to healing and redemption," and someone who "has always generously given of his time and resources."

As part of its investigation, the Fitness Board provided notice to the State Bar of Georgia and to the Bar membership and Chief Judge of the Atlanta Judicial Circuit where Willis had practiced; provided newspaper notice to the public in the area where Willis had

4

practiced; and sought confirmation from the Clients' Security Fund that no restitution was due. See Part A, Section 10 (d) (1)-(4) of the Rules. The Fitness Board received no response from members of the public or the judiciary, but the State Bar responded that, at the time of Willis's disbarment, he had one grievance pending against him, which was "declared moot" based on his disbarment.[1] The State Bar also has informed this Court that it does not intend to reactivate that grievance. The Clients' Security Fund responded that Willis owed $4,800, which he immediately paid after this debt was brought to his attention. At an informal conference convened before the Fitness Board, Willis took full responsibility for his past conduct and explained that, since his disbarment, he has built a business, created a better life for himself and his children, and reestablished his reputation in the community. After considering Willis's

---

[1] This grievance was based on Willis's alleged failure to adequately communicate with a client in the course of a representation. As a result of the grievance, the Investigative Panel voted to issue an Investigative Panel Reprimand for violations of Rules 1.3, 1.4, and 1.16 (d) of the Georgia Rules of Professional Conduct. It does not appear that the reprimand was delivered prior to Willis's disbarment, and the grievance was placed on "inactive status" and "declared moot" on October 7, 2013.

testimony and written submissions, the Fitness Board concluded that he had, by clear and convincing evidence, carried his burden of demonstrating rehabilitation and recommended a Certification of Fitness be issued to Willis for readmission. See *In re Cason*, 249 Ga. 806, 808-809 (294 SE2d 520) (1982) (bar admission applicant bears burden to establish rehabilitation by clear and convincing evidence, and "rehabilitation is the reestablishment of the reputation of a person by his or her restoration to a useful and constructive place in society," including "[t]he requirement of positive action").

Upon consideration of the record, we conclude that Willis should be certified as fit to practice law in Georgia under the criteria provided in Part A, Section 10 of the Rules. See, e.g., *In the Matter of Myers*, 318 Ga. 704 (899 SE2d 691) (2024) (granting the applicant's certification of fitness to practice law under circumstances like Willis's). We therefore grant Willis's Application for Certification of Fitness and order that, upon satisfaction of all the requirements of Part B of the Rules, including taking and passing the Georgia Bar Examination, Willis may be readmitted to

the Bar as an attorney licensed to practice law in the State of Georgia.

   *Certification of fitness for readmission granted. All the Justices concur.*