NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: February 17, 2026

S26Y0106.  IN THE MATTER OF BRYAN MATTHEW PRITCHETT.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master LaRae Dixon Moore, who recommends that respondent Bryan Matthew Pritchett (State Bar No. 588325), who was admitted to the State Bar in 2001 and is currently suspended from the practice of law in Georgia, be disbarred. Because Pritchett defaulted in the disciplinary proceedings, he is deemed to have admitted the factual allegations and disciplinary violations charged. He has filed no exceptions to the Special Master's report, and the time has run for him to do so. See Bar Rule 4-218. The matter is now ripe for our consideration.

The record before us shows that the Bar filed the first Formal

Complaint on June 28, 2024, and the second Formal Complaint on July 25, 2024. The Bar certified that it served a copy of each complaint on Pritchett by email, by first-class mail, and, when Pritchett did not respond to the emails, by publication.[1] The Bar then filed two unopposed motions for default, which the Special Master granted, reasoning that Pritchett did not file answers to either formal complaint or request extensions of time to do so. See Bar Rule 4-212(a). The Special Master's report followed.

The facts, as admitted by Pritchett, are as follows. Pritchett primarily represented injured workers in worker's compensation cases. In three different cases — represented in the disciplinary proceedings by SDB Docket Nos. 7861, 7862, and 7863 — Pritchett received checks made out to clients, forged clients' signatures in order to negotiate the checks, deposited the proceeds of the checks into his personal or business accounts, used the proceeds for his own

---

[1] The physical address that Pritchett provided to the Bar is the address of a UPS store, the commercial equivalent of a P.O. box. See Bar Rule 4-203.1(a) ("The choice of a lawyer to provide only a post office box or commercial equivalent address to the Membership Department of the State Bar of Georgia shall constitute an election to waive personal service.").

2

purposes, and lied or failed to respond to (1) clients' inquiries regarding the status of their recoveries and (2) the Bar's requests for information and notices of investigation. Based on this conduct, Pritchett violated Rules 1.1,[2] 1.2(a),[3] 1.3,[4] 1.4(a)(1),[5] 1.4(a)(2),[6]

---

[2] Rule 1.1 provides, in relevant part, that "[a] lawyer shall provide competent representation to a client."

[3] Rule 1.2(a) provides that, generally, "a lawyer shall abide by a client's decisions concerning the scope and objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation."

[4] Rule 1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[5] Rule 1.4(a)(1) provides that a lawyer must "promptly inform the client of any decision or circumstance with respect to which the client's informed consent … is required by these rules."

[6] Rule 1.4(a)(2) provides that a lawyer must "reasonably consult with the client about the means by which the client's objectives are to be accomplished."

3

1.4(a)(3),[7]   1.4(a)(4),[8]   1.4(b),[9]   1.5(a),[10]   1.15(I)(a),[11]   1.15(I)(c),[12]

_____

[7] Rule 1.4(a)(3) provides that a lawyer must "keep the client reasonably informed about the status of the matter."

[8] Rule 1.4(a)(4) provides that a lawyer must "promptly comply with reasonable requests for information."

[9] Rule 1.4(b) provides that "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[10] Rule 1.5(a) provides that "[a] lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses."

[11] Rule 1.15(I)(a) provides that, in relevant part, that "[a] lawyer shall hold funds or other property of clients or third persons that are in a lawyer's possession in connection with a representation separate from the lawyer's own funds or other property. … Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of six years after termination of the representation."

[12] Rule 1.15(I)(c) provides that, "[u]pon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property."

1.15(I)(d),[13]   1.15(II)(a),[14]   1.15(II)(b),[15]   4.1(a),[16]   8.1(a),[17]   8.1(b),[18]

8.4(a)(4),[19]  and 9.3[20] of the Georgia Rules of Professional Conduct

found in Bar Rule 4-102(d).

The Special Master considered the appropriate level of

---

[13] Rule 1.15(I)(d) provides, in relevant part, that, "[w]hen in the course of representation a lawyer is in possession of funds or other property in which both the lawyer and a client or a third person claim interest, the property shall be kept separate by the lawyer until there is an accounting and severance of their interests."

[14] Rule 1.15(II)(a) provides that a lawyer "who receives money or property on behalf of a client or in any other fiduciary capacity[] shall maintain or have available one or more trust accounts as required by these rules. All funds held by a lawyer for a client and all funds held by a lawyer in any other fiduciary capacity shall be deposited in and administered from a trust account."

[15] Rule 1.15(II)(b) provides, in relevant part, that "[r]ecords on such [] accounts shall be so kept and maintained as to reflect at all times the exact balance held for each client or third person. No funds shall be withdrawn from such trust accounts for the personal use of the lawyer maintaining the account except earned lawyer's fees debited against the account of a specific client and recorded as such."

[16] Rule 4.1(a) provides that, "[i]n the course of representing a client, a lawyer shall not knowingly … make a false statement of material fact or law to a third person."

[17] Rule 8.1(a) provides that "a lawyer … in connection with a disciplinary matter [] shall not … knowingly make a false statement of material fact."

[18] Rule 8.1(b) provides that "a lawyer … in connection with a disciplinary matter [] shall not … knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority."

[19] Rule 8.4(a)(4) provides that "[i]t shall be a violation of the Georgia Rules of Professional Conduct for a lawyer to … engage in professional conduct involving dishonesty, fraud, deceit, or misrepresentation."

[20] Rule 9.3 provides that, "[d]uring the investigation of a matter pursuant to these Rules, the lawyer complained against shall respond to disciplinary authorities in accordance with State Bar Rules."

discipline for these admitted facts. In doing so, the Special Master looked to the American Bar Association Standards for Imposing Lawyer Sanctions ("ABA Standards"). *In the Matter of Morse*, 266 Ga. 652 (1996). See also ABA Standard 3.0 (when imposing a sanction, a court should consider the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors). Under those standards, the Special Master noted that disbarment is generally appropriate when: (1) a lawyer knowingly converts a client's property and causes injury or potential injury to a client, see ABA Standard 4.11; (2) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client, see ABA Standard 4.41; (3) a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious injury or potentially serious injury to a client, see ABA Standard 4.61, or engages in criminal or other conduct that has an element of, or involves, dishonesty, fraud, deceit, or misrepresentation that adversely reflects on the lawyer's fitness to

practice, see ABA Standard 5.11; or (4) a lawyer knowingly violates a duty owed as a professional with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system, see ABA Standard 7.1.

Applying those standards to the facts here, the Special Master first noted that Pritchett's most serious violations involved his secretly receiving and converting to his own use tens of thousands of dollars by forging clients' signatures on checks made out solely to them. Second, the Special Master explained that Pritchett disregarded his duty to pass along to clients their recoveries, converted the funds to his own use, and hid the truth from them in his responses to their inquiries. Third, the Special Master noted that Pritchett repeatedly deceived his clients about the status of their recoveries to conceal his misconduct and that he engaged in conduct that amounted to criminal conversion and forgery. Fourth, the Special Master stated that Pritchett disregarded his duty not to collect an unreasonable fee from clients for his own benefit and his

7

duty to cooperate and communicate truthfully and completely with the Bar.

The Special Master then turned to the aggravating and mitigating factors in Pritchett's case. The Special Master identified ten aggravating factors: (1) dishonest or selfish motive; (2) a pattern of misconduct; (3) multiple offenses; (4) bad faith obstruction of the disciplinary proceeding[21]; (5) submission of false statements during the disciplinary process; (6) refusal to acknowledge the wrongful nature of his conduct; (7) vulnerability of victims; (8) substantial experience in the practice of law; (9) indifference to making restitution; and (10) illegal conduct. See ABA Standards 9.22(b)-(k). In contrast, the Special Master determined that the sole mitigating factor was Pritchett's lack of a prior disciplinary record. See ABA Standard 9.32(a). The Special Master concluded that the ten aggravating factors overwhelmingly outweighed the single mitigating factor.

---

[21] We do not consider this conduct as a factor in aggravation, as Pritchett was also charged with a violation of Rule 9.3 for similar conduct. See, e.g., *In the Matter of Hardy*, 316 Ga. 845, 852 n.16 (2023).

Accordingly, the Special Master concluded that disbarment was the only appropriate penalty. See *In the Matter of Fagan*, 314 Ga. 208, 213 (2022) (disbarring lawyer who admitted violations of Rules 1.7, 1.8(b), 1.15(I), 8.4(a)(4) and 9.3 based on use of position as in-house counsel to defraud and swindle client out of substantial sum of money); *In the Matter of Cheatham*, 304 Ga. 645, 646 (2018) (disbarring lawyer who admitted violations of Rules 1.3, 1.4, 1.15(I)(a) and (c), 1.15(II)(a) and (b), 5.5(a), and 8.4(a)(4) based on conversion of client funds to own use and failure to respond to disciplinary authorities); *In the Matter of Snipes*, 303 Ga. 800, 801 (2018) (disbarring lawyer who admitted violations of Rules 1.2, 1.3, 1.5, 1.15(I), 8.4(a)(4), and 9.3 based on settlement of case without client's knowledge, conversion of funds to own use, and failure to respond to disciplinary authorities); *In the Matter of Mathis*, 297 Ga. 867, 868 (2015) (disbarring lawyer who admitted violations of Rules 1.3, 1.4, 1.15(I), 1.15(II)(a) and (b), 8.4(a)(4), and 9.3 based on conversion of client funds to own use and failure to respond to disciplinary authorities); *In the Matter of Jones*, 296 Ga. 151, 152

(2014) (disbarring lawyer who admitted violations of Rules 1.3, 1.4, 1.15(I), 1.15(II), 8.4(a)(4), and 9.3 based on his absconding with client funds and failure to respond to disciplinary authorities).

Having reviewed the record, we agree that disbarment is the appropriate sanction, and that disbarment is consistent with prior cases in which an attorney admitted to violating similar provisions of the Georgia Rules of Professional Conduct that carry disbarment as a sanction and failed to participate fully in the disciplinary process.[22] If Pritchett ever seeks readmission, he must make restitution in the total amount of $159,615, consisting of $25,000 to the client in SDB Docket No. 7861, $29,715 to the client in SDB Docket No. 7862, and $104,900 to the client in Docket No. 7863, and Pritchett must offer to the Court proof of that restitution. See *In the*

---

[22] We have some reservations about whether the facts of this case amount to a violation of Rule 1.1, which states that "[a] lawyer shall provide competent representation to a client." But we need not reach that issue because Pritchett clearly violated Rules 1.2(a), 1.3, 1.15(I)–(II), 4.1(a), 8.1(a)–(b), and 8.4(a)(4), all of which carry the same maximum penalty of disbarment. See generally *In the Matter of Morris*, 302 Ga. 862, 864 n.3 (2018) (declining to reach question of whether attorney violated Rule 8.4(a)(3) because he clearly violated several other Rules for which disbarment was an appropriate sanction).

*Matter of Herbert*, 319 Ga. 881, 884 (2024) (disbarring attorney and imposing the mandatory requirement that he "pay restitution to the grievants in the amounts of their losses as set out in the Notices of Discipline" should he seek reinstatement). Accordingly, it is hereby ordered that the name of Bryan Matthew Pritchett be removed from the rolls of persons authorized to practice law in the State of Georgia. Pritchett is reminded of his duties pursuant to Bar Rule 4-219(b).

*Disbarred. All the Justices concur.*