NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the
# Supreme Court of Georgia

No. S26Y0638
In the Matter of Matthew Jason Anderson

Decided: May 19, 2026

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline encompassing four separate grievances and seeking to disbar Matthew Jason Anderson (State Bar No. 765493) based on his violations of Rules 1.4(a)(4), 1.15(I)(b) and (c), 1.15(II)(a), 1.15(III)(a), 8.1, and 8.4(a)(4) of the of Georgia Rules of Professional Conduct ("Rules"), see Bar Rule 4-102(d). The Bar has filed a "Proof of Service," establishing that Anderson was served with the Notice of Discipline by publication in compliance with Bar Rule 4-203.1(b)(3)(ii). Anderson, who is currently suspended from the practice of law for his failure to respond to the Notice of Investigation served on him in connection with several of these cases, failed to timely reject the Notice of Discipline. Therefore, he is in default, has no right to any evidentiary hearing, and is subject to discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1(b).

As noted above, this Notice of Discipline arose from four separate grievances that were filed against Anderson in 2024 and 2025. Although the facts in each situation are slightly different, generally, the facts show that Anderson, who has been a member of the Bar since 2019, agreed to represent various clients in personal injury actions and obtained settlements on behalf of those clients. Anderson was aware as these cases progressed that his

clients either had or would be obtaining services from medical providers, and that the payment for those services would ultimately need to come from the settlement funds. In 2023 and 2024, Anderson settled these clients' cases but failed, in all four cases, to distribute the settlement funds to one or more of the medical providers as he had agreed to do, and, in one case, he failed to distribute to his client the portion of settlement funds due to that client. In two cases, Anderson failed to respond to his clients' repeated requests for information about the status of their cases, including the status of the payments to their medical providers. In one case, he told his client, and later claimed in a sworn response to that client's Bar grievance, that he had paid the client's outstanding medical bills when he had not done so. Additionally, the Bar's investigation of these grievances revealed that, during the pertinent time frame, Anderson did not have a properly constituted trust account that complied with the Rules.

Based on these facts, which are deemed admitted by Anderson's failure to reject the Notice of Discipline, the Bar contends, and we agree, that Anderson violated Rule 1.4(a)(4)[1] by failing to promptly comply with his two clients' requests for information about the status of their cases, including the status of the payment of their medical bills; Rule 1.15(I)(b)[2] by disregarding

---

[1] Rule 1.4(a)(4) provides that "[a] lawyer shall promptly comply with reasonable requests for information." The maximum penalty for a violation of this Rule is a public reprimand.

[2] Rule 1.15(I)(b) provides that "a lawyer may not disregard a third person's interest in funds or other property in the lawyer's possession if:
the interest is known to the lawyer, and
the interest is based upon one of the following:
A statutory lien;
A final judgment addressing disposition of those funds or property; or

2

the medical providers' interests in the funds obtained from the settlement of each of the four clients' personal injury matters; Rule 1.15(I)(c)[3] by failing to properly distribute settlement funds to his one client and to the medical providers who were entitled to receive payment from those funds; Rules 1.15(II)(a)[4] and 1.15(III)(a)[5] by failing to maintain a trust account in an approved institution and failing to deposit his clients' settlement funds into

---

A written agreement by the client or the lawyer on behalf of the client guaranteeing payment out of those funds or property.

The lawyer may disregard the third person's claimed interest if the lawyer reasonably concludes that there is a valid defense to such lien, judgment, or agreement." The maximum penalty for a violation of this Rule is disbarment.

[3] Rule 1.15(I)(c) provides that "[u]pon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property." The maximum penalty for a violation of this Rule is disbarment.

[4] Rule 1.15(II)(a) provides that "[e]very lawyer who practices law in Georgia … and who receives money or property on behalf of a client or in any other fiduciary capacity, shall maintain or have available one or more trust accounts as required by these rules. All funds held by a lawyer for, or related to the representation of, a client and all funds held by a lawyer in any other fiduciary capacity related to the practice of law shall be deposited in and administered from a trust account." The maximum penalty for a violation of this Rule is disbarment.

[5] Rule 1.15(III)(a) provides, in relevant part, that "[e]very lawyer who practices law in Georgia and who receives money or other property on behalf of a client or in any other fiduciary capacity shall maintain, in an approved financial institution as defined by this rule, a trust account or accounts, separate from any business and personal accounts. Funds received by the lawyer on behalf of a client or in any other fiduciary capacity shall be deposited into this account." The maximum penalty for a violation of this Rule is disbarment.

said account; Rule 8.1[6] by claiming in a sworn response submitted to the Bar following one client's grievance that he had paid off her outstanding medical bills when he had not done so; and Rule 8.4(a)(4)[7] by telling his client that he had paid off her outstanding medical bills when he had not done so.

The Bar correctly notes that this Court looks to the American Bar Association's Standards for Imposing Lawyer Sanctions for guidance in determining the appropriate level of discipline. See ABA Standards for Imposing Lawyer Sanctions (1992) ("ABA Standards"); *In the Matter of Morse*, 265 Ga. 353, 354 (1995) (disciplinary authority should consider (a) the duty violated, (b) the lawyer's mental state, (c) the potential or actual injury caused by the misconduct, and (d) aggravating and mitigating factors), superseded on other grounds as stated in *In the Matter of Cook*, 311 Ga. 206, 214–15 (2021). Here, the Bar contends, and we agree, that Anderson violated his duties to his clients, to third parties, to the general public, and to the legal profession; that he did so knowingly and intentionally; and that he caused serious actual and potential injury to both his clients and third-party medical providers, such that the presumptive discipline is disbarment.

Further, we agree with the Bar's contentions that there appear to be no factors in mitigation and that, in aggravation, Anderson acted with a dishonest or selfish motive in failing to distribute the settlement funds to his clients and the third parties who had an interest in the funds; that he engaged in a pattern of

---

[6] Rule 8.1(a) provides, in relevant part, that "a lawyer … in connection with a disciplinary matter, shall not knowingly make a false statement of material fact." The maximum penalty for a violation of this Rule is disbarment.

[7] Rule 8.4(a)(4) provides that it is a violation of the GRPC for a lawyer to "engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation." The maximum penalty for a violation of this Rule is disbarment.

misconduct as evidenced by his actions in these four cases; that he engaged in multiple offenses in each case; that he engaged in bad faith obstruction of the disciplinary process by failing to timely and sufficiently respond to the Notices of Investigation issued in these cases and by ignoring numerous requests for information from the Bar; that he made false statements during the disciplinary process when responding to the allegations in one client's grievance; that at least two of his victims were vulnerable clients who trusted him to distribute their settlement funds promptly and appropriately; and that he has displayed an indifference to making restitution to any of the complainants in these four matters. See ABA Standards 9.22(b), (c), (d), (e), (f), (h), and (j).

Having reviewed the record, we conclude that the facts, as deemed admitted by virtue of Anderson's default, support the Bar's allegations that Anderson violated Rules 1.4(a)(4), 1.15(I)(b) and (c), 1.15(II)(a), 1.15(III)(a), 8.1, and 8.4(a)(4). Further, we conclude that disbarment is the appropriate sanction in this case and that it is consistent with that imposed in similar cases. See *In the Matter of Clemmons*, 297 Ga. 732 (2015) (disbarring lawyer on a notice of discipline where lawyer violated Rules 1.2(a), 1.3, 1.4, 1.15(I), 1.15(II), 8.1, and 8.4(a)(4) by settling client's personal injury action without the client's knowledge or consent, failing to distribute settlement funds, failing to maintain client funds in a trust account, and making false statements in her response to the Investigative Panel); *In the Matter of Willis*, 293 Ga. 781 (2013) (disbarring lawyer for violations of Rules 1.3, 1.15(I)(a) and (b), 1.15 (II)(a), and 8.4(a)(4) when attorney, who did not maintain a trust account, deposited $30,000 of client settlement funds in his personal or business account, converted the funds to his own use, and failed to distribute the funds in accordance with a court order). Accordingly, we hereby order that the name Matthew Jason

Anderson be removed from the rolls of persons entitled to practice law in the State of Georgia. Anderson is reminded of his duties under Bar Rule 4-219(b).

*Disbarred. All the Justices concur.*