302 Ga. 862
FINAL COPY

S17Y1329.  IN THE MATTER OF RICKY W. MORRIS, JR.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline

seeking the disbarment of Ricky W. Morris, Jr. (State Bar No. 525160),

based on eleven underlying grievances.[1] On April 21, 2017, the Bar

personally served Morris with the Notice of Discipline, see Bar Rule 4-203.1

(b) (3) (i). Morris filed a Notice of Rejection on May 24, 2017, but the State

Bar responded, arguing to this Court that the Rejection was untimely. This

Court issued an order on August 1, 2017 directing the Coordinating Special

Master to determine in the first instance whether the Notice of Rejection was

timely and that special master, H. Maddox Kilgore, subsequently issued his

report finding that the rejection had not been timely filed. As Morris filed no

response or objection to the special master's report, this Court accepts the

special master's finding and holds that Morris is in default, has waived his

---

[1] Morris, who was admitted to the State Bar in 1998, is currently under suspension pursuant to
this Court's acceptance of his voluntary petition for emergency suspension pending resolution of
the disciplinary and criminal matters then filed against him, see Bar Rule 4-108. See In the
Matter of Morris, 298 Ga. 864 (785 SE2d 408) (2016).

rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Morris's default, show with regard to State Disciplinary Board ("SDB") Docket Nos. 6935, 6938, 6940-6944 and 6982 that between August 2013 and January 2016 Morris took retainers ranging from between $1,000 and $15,000 to represent clients in criminal matters in various counties; that in one case (SDB Docket No. 6941), Morris made direct personal contact with the prospective client in the hallway of a courthouse and offered to handle his case for a fee, even though that client had not sought any advice or legal representation from Morris; that Morris either abandoned the cases at issue in the above-listed disciplinary matters or failed to properly handle them; that he failed to contact the clients or respond to their efforts to contact him with regard to their cases;[2] that he failed to return the unearned portion of retainers when his services were

[2] In SDB Docket No. 6982, Morris's client had a bench warrant issued for his arrest after the client failed to appear at a hearing about which Morris failed to advise him; that client learned that Morris was in custody and was able to resolve the warrant on his own and have his case rescheduled. Morris responded to that client's termination letter, explaining that his law license had been suspended, but he failed to refund any part of the $2,250 retainer that client had paid.

2

terminated; and that he failed to respond timely to the properly-served Notices of Investigation that resulted from these grievances.

With regard to SDB Docket Nos. 6936 and 6939, the record shows that in April 2013, Morris was paid a $17,500 retainer to represent a defendant in a criminal matter in Henry County, Georgia. Although the client paid an additional $400 to cover expenses for an expert witness, Morris never hired the expert. Morris appeared at the call of the criminal jury trial calendar on January 25, 2016, and announced that he was ready for the trial, which was then set to begin with jury selection the next morning. Later that afternoon, the Assistant District Attorney ("ADA") on the case overheard Morris on a telephone call in the courthouse men's restroom, apparently attempting to purchase controlled substances for himself. The ADA brought Morris's behavior to the presiding judge's attention. The next morning, Morris appeared in court for jury selection but seemed to be under the influence of a controlled substance. He had bloodshot eyes and welts and bruises on his face, and he fell asleep at counsel's table. The court recessed the trial and held a hearing on Morris's fitness to proceed as defense counsel. At that

hearing, Morris declined the court's request that he submit to a drug test; denied he was under the influence or that he had made the phone call the prior day; and threatened the ADA with bodily harm. The court held Morris in contempt and imposed jail time that was to be immediately served. As a result, when Morris's client returned to court, she was advised by the presiding judge that Morris was unable to represent her and she would need to seek new counsel. Morris took no further action on behalf of the client and failed to refund the unearned portion of the retainer. In addition, Morris was charged with felony intimidation of a court officer and felony terroristic threats for threatening the ADA. In November 2016, Morris resolved the charges by pleading guilty to disorderly conduct and simple assault. Morris was properly served with the Notice of Investigation arising from the grievance filed by this client (SDB Docket No. 3936), but failed to timely respond.

With regard to SDB Docket No. 6937, the record shows that Morris appeared at the Spalding County jail allegedly to have his client sign a Power of Attorney, but he did not have the proper identification to enter the jail. The

4

Booking Clerk reported that Morris was acting erratically and appeared under the influence of an unknown substance. Morris told the clerk that his paralegal was present with proper identification and would meet with his client in booking first. Although Morris falsely identified the person with him as his paralegal, jail staff knew her to be the wife of Morris's client — a fact Morris attempted to conceal. Morris was allowed to meet with the client for the sole purpose of having him sign the Power of Attorney, but as Morris was observed sleeping during that meeting, the visit was interrupted and Morris was asked to leave the jail. Once again, Morris was properly served with the Notice of Investigation arising from the grievance filed in this case but failed to timely respond.

We agree with the Bar that these facts clearly demonstrate that Morris violated Rules 1.2 (a), 1.3, 1.4, 1.16 (d), 3.5 (d), 4.1 (a), 7.3 (d), and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, as found in Bar Rule 4-102 (d).[3] The maximum penalty for a single violation of Rule 1.2 (a), 1.3, 4.1 (a),

---

[3] The Bar also charged Morris with a violation of Rule 8.4 (a) (3) (lawyer shall not be convicted of a misdemeanor involving moral turpitude where the underlying conduct relates to his fitness to practice law) based on his convictions for disorderly conduct and simple assault,

5

7.3 (d), or 8.4 (a) (4) is disbarment, while the maximum penalty for a single violation of Rule 1.4, 1.16 (d), or 3.5 (d) is a public reprimand. In aggravation, we note that Morris's conduct involves multiple offenses and evidences a pattern of misconduct and that he failed to timely respond to the Notices of Investigation relating to these disciplinary matters.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Ricky W. Morris, Jr., be removed from the rolls of persons authorized to practice law in the State of Georgia. Morris is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

---

but we need not reach the question of whether that charge can be sustained in this case because, by virtue of Morris's other admitted conduct, he clearly violated Rules 1.2 (a), 1.3, 4.1 (a), 7.3 (d), 8.4 (a) (4), all of which carry the same maximum penalty of disbarment.

Decided January 29, 2018.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Wolanda R. Shelton, Assistant General Counsel State Bar, for State Bar of Georgia.

Dwayne C. Singleton, for Morris.