**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: March 17, 2026

S26Y0233. IN THE MATTER OF CHARLES BRUCE SINGLETON, JR.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the State Disciplinary Review Board ("Review Board"), which reviewed the report and recommendation of Special Master Chong J. Kim at the request of Charles Bruce Singleton, Jr. (State Bar No. 649057), who has been a member of the State Bar since 1996. The Review Board agreed with the Special Master that Singleton violated Rules 1.2(a), 1.3, 1.4(a), 1.15(I)(a), 1.16(d), 3.5(d), and 8.4(a)(4) of the Georgia Rules of Professional Conduct ("GRPC" or "Rules") found in Bar Rule 4-102(d) in connection with three client matters and that disbarment is the appropriate sanction for Singleton's violations. The maximum penalty for a violation of Rules

1.4(a), 1.16(d), and 3.5(d) is a public reprimand, whereas the maximum penalty for a violation of Rules 1.2(a), 1.3, 1.15(I)(a), and 8.4(a)(4) is disbarment. Although Singleton filed exceptions to the Special Master's report and recommendation before the Review Board, he has not filed exceptions to the Review Board's report and recommendation before this Court. After our review of the record, we agree that disbarment from the practice of law is the appropriate sanction.

1. *Procedural History*

On November 29, 2023, the State Bar filed two formal complaints in connection with two client matters, charging Singleton with several Rule violations. In State Disciplinary Board ("SDB") Docket No. 7664, the State Bar alleged that Singleton was hired to represent a client in a probate matter and stopped communicating with the client and performing work in his case. The State Bar charged Singleton with violations of Rules 1.2(a) (a lawyer shall abide by a client's decisions concerning the scope and objectives of representation and shall consult with the client as to the means

2

by which they are to be pursued); 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); 1.4(a) (a lawyer shall keep the client reasonably informed about the status of the matter and promptly comply with reasonable requests for information); and 1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practical to protect a client's interests, including refunding any advance payment of fee that has not been earned). In SDB Docket No. 7665, the State Bar alleged that Singleton was hired to represent a client in a lawsuit filed against her arising out of an outstanding credit card balance and stopped communicating with the client and performing work in her case. The State Bar charged Singleton with violations of Rules 1.2(a), 1.3, and 1.4(a). Singleton timely filed his responses, in which he admitted violating Rules 1.2(a) and 1.4(a) in SDB Docket No. 7664. Singleton denied violating the other Rules with which he was charged.

On March 14, 2024, the State Bar filed a third formal complaint against Singleton (SDB Docket No. 7830), in which it

3

alleged that Singleton was hired to represent a minor in a personal injury action, failed to release settlement funds in his possession despite multiple court orders directing him to do so, and stopped communicating with the conservator for the minor. The State Bar charged Singleton with violations of Rules 1.15(I)(a) (a lawyer shall hold funds or other property of clients or third persons that are in a lawyer's possession in connection with a representation separate from the lawyer's own funds); 3.5(d) (a lawyer shall not engage in conduct intended to disrupt a tribunal); and 8.4(a)(4) (it shall be a violation of the GRPC for a lawyer to engage in professional conduct involving dishonesty, fraud, deceit, or misrepresentation). Singleton acknowledged service of the complaint. However, he failed to timely file an answer as required by Bar Rule 4-212(a), and the State Bar filed a motion for default. Singleton filed a response to the State Bar's default motion, in which he stated that he had a meritorious defense to the Rule 3.5(d) violation because he did not "intend" to disrupt the tribunal. On June 27, 2024, the Special Master granted the motion for default, explaining that Singelton did not file a

4

verified answer to the formal complaint nor did he provide any facts which would provide a basis for opening the default. Singleton did not further challenge the grant of default and later testified that he had no defense to the allegations in the formal complaint.

The Special Master then scheduled an evidentiary hearing in SDB Docket Nos. 7664 and 7665 and a hearing on mitigating and aggravating circumstances in SDB Docket No. 7830. Following these hearings, the Special Master issued her report and recommendation.

2. *Special Master's Report and Recommendation*

(a) *Factual Findings*

(i) *SDB Docket No. 7664*

In November 2020, the client hired Singleton to probate his mother's will. Per the retainer agreement, Singleton quoted the client $2,500 for the representation, and the client paid Singleton a $1,000 initial payment. On November 20, 2020, Singleton filed in the probate court a petition to probate the will, executor's oath, and acknowledgement of service and assent to probate. However, for the estate to be opened, Singleton was required to file heir notification

5

letters for the client's siblings. On December 14, 2020, the client emailed Singleton asking him to mail the heir notification letters to his siblings and asking if he needed a copy of his mother's death certificate. Singleton failed to respond. On January 11, 2021, the client emailed Singleton stating that he had tried to reach him and asking about the status of the notification letters. Singleton again failed to respond. The client then contacted the probate court and learned that nothing had been filed since the initial documents. The client asked Singleton to forward the notification letters so that the client could send them to the court himself. Singleton failed to respond, and the client filed a grievance with the State Bar. On August 15, 2021, Singleton emailed the client apologizing for the delay in moving forward with the estate matter and informing the client that Singleton was going through personal difficulties. On August 21, 2021, the client emailed Singleton to terminate the representation and asked Singleton to send an itemized bill for the services rendered and to refund the unused portion of the initial fee. Singleton did not respond to the client until March 24, 2022, when

he sent the client an email to ask the best way to refund the fee. However, Singleton failed to refund the fee.

The Special Master further recounted that at the evidentiary hearing, the client testified that during the time of Singleton's representation, his family was very distraught and going through an emotional time. The client also testified that he felt Singleton abandoned him and had "ridden off into the sunset" with the retainer fee. Additionally, the client stated that his family had to prepare and submit the applicable forms themselves so that the estate could be opened.

(ii) *SDB Docket No. 7665*

In August 2020, the client in this matter hired Singleton to represent her in a dispute with a bank after the bank filed a lawsuit against her regarding an outstanding credit card balance. Singleton failed to timely file an answer to the complaint and did not enter an appearance in the case until October 19, 2020, which was over a month after the deadline to file an answer had passed. On October 23, 2020, counsel for the bank filed a motion for default judgment.

Singleton failed to respond to the motion for default and failed to tell the client about the motion. On November 6, 2020, the client emailed Singleton asking if he did any work on her case. On November 9, 2020, Singleton emailed the client and informed her that he was discussing settlement terms with the bank. The client told Singleton that she was agreeable to paying a monthly amount around $300. Singleton negotiated a settlement on behalf of the client with the bank's counsel. However, on December 1, 2020, the court entered a default judgment against the client for $12,691.67, $800 in attorney fees, and costs of $307.50. A paralegal for the bank informed Singleton that the bank would still honor the settlement agreement, and on January 7, 2021, the paralegal sent Singleton the settlement agreement for the client to execute. Per the agreement, the client was to start making payments on January 9, 2021. However, Singleton did not provide the agreement to the client nor discuss its terms with her, such that the client was unaware of the agreement and did not make any payments in January 2021. On January 20, 2021, the bank filed a writ of fieri facias, and a lien was placed on

8

the client's home for the principal amount owed by the client as well as the attorney fees and court costs. On February 11, 2021, the bank's paralegal emailed Singleton to follow up on the settlement agreement. Singleton did not respond.

Between November 2020 and March 2021, the client did not hear from Singleton. In March 2021, the client learned about the bank's judgment and discovered that there was a lien on her home and that the bank garnished her bank account for failure to make payments per the agreement. On March 11, 2021, the client emailed Singleton, but he did not respond. On March 15, 2021, the client emailed Singleton again. Singleton responded and told the client that he was working with opposing counsel. On this same day, the bank's counsel emailed Singleton to ask if he still represented the client. Singleton responded that he was representing the client and that she intended to move forward with the settlement. Opposing counsel informed Singleton that he no longer had authority to enter into the negotiated settlement, and Singleton asked opposing counsel to obtain authority from the bank to proceed with the

settlement. On March 18, 2021, opposing counsel emailed Singleton to inform him that he had approval from the bank. However, again Singleton failed to inform the client about the agreement.

On March 24, 2021, the client emailed Singleton to ask if he had reached an agreement with the bank's counsel. Singleton did not respond. On April 13, 2021, the client emailed Singleton and terminated the representation. Again, Singleton failed to respond. On June 1, 2021, the client emailed Singleton to inform him that she was considering filing a malpractice claim and State Bar complaint against him. The client proposed a settlement to Singleton of $12,500. On June 8, 2021, Singleton replied to the client and informed her that he would respond to her demand within 10 days. However, Singleton failed to respond within 10 days. In July 2021, the client filed a grievance with the State Bar, after which Singleton and the client negotiated her demand down to $5,000. However, Singleton never followed through on making any payments.

The Special Master also recounted that at the evidentiary hearing, the client testified that she felt Singleton owed her

restitution for his failure to adequately represent her because she was unable to refinance her home at a lower rate and her credit suffered as a result of the judgment and lien against her. Additionally, the client testified that she made her last payment to the bank in December 2024 and was still waiting for the lien to be removed. Further, the client testified that because of Singleton's misconduct, it cost her more to hire Singleton as her attorney than if she had tried to negotiate with the bank herself.

(iii) *SDB Docket No. 7830*

Around 2021, Singleton represented a minor in a personal injury action and received $35,388.83 in settlement funds belonging to the minor, which Singleton deposited in his trust account. The conservator for the minor made several requests to Singleton to release the settlement funds in Singleton's possession. Singleton did not respond to the requests, nor did he release the settlement funds. On July 18, 2022, the conservator filed a motion to compel the release of the funds. The court granted the motion; ordered Singleton to release the funds by September 30, 2022; and informed

11

him that failure to do so could result in a finding of contempt. Singleton failed to release the funds by September 30, 2022, and on October 3, 2022, Singleton filed a motion to extend time to comply with the court's order. On October 6, 2022, the court entered an order granting Singleton an extension through October 17, 2022. Again, Singleton failed to release the funds. On November 21, 2022, the conservator filed a motion for contempt due to Singleton's failure to turn over the funds as ordered. Singleton filed a response to the motion, admitting that he failed to safeguard the minor's funds and explaining that he was experiencing a multitude of personal issues—including a divorce, death of loved ones, and the financial impact of the pandemic—and that he began receiving treatment from a therapist. On January 13, 2023, the court conducted a hearing on the motion and found Singleton in civil contempt for failing to pay the funds belonging to the minor. The court ordered that Singleton be incarcerated until January 17, 2023, or until he paid the full amount of funds. Singleton did not pay the funds by January 17, 2023, and the court held another hearing to determine

whether he should be released from incarceration. The court then entered an order that he be released and that he pay the funds by June 15, 2023. Singleton did not pay the $35,388.83 to the conservator by June 15, 2023. The Special Master noted that, as of April 2025, Singleton had made only three payments to the conservator: $8,000 in May 2023 and $4,500 and $2,000 in October 2023.

(b) *Rule Violations*

(i) *SDB Docket No. 7664*

The Special Master determined that Singleton violated Rules 1.2(a) by being hired to probate the client's mother's will but failing to communicate with the client about what needed to be submitted to open the estate; 1.3 by failing to submit documents from the client's siblings to finalize the estate; 1.4(a) by failing to communicate with the client despite the client's multiple attempts to contact him; and 1.16(d) by failing to refund the unearned fee to the client after Singleton's termination.

(ii) *SDB Docket No. 7665*

The Special Master determined that Singleton violated Rules 1.2(a) by being hired to represent the client in the dispute with the bank but failing to communicate with the client about the settlement agreement and her obligations under the agreement; 1.3 by failing to answer the complaint on behalf of the client, failing to finalize the settlement, and failing to provide the settlement documents to the client; and 1.4(a) by failing to keep the client updated on the status of the settlement negotiations and failing to tell the client that he reached an agreement and that the client needed to start making payments.

(iii) *SDB Docket No. 7830*

Based on Singleton's default, the Special Master determined that Singleton violated Rules 1.15(I)(a) by failing to safeguard and account for the minor's settlement funds in his possession; 3.5(d) by disregarding the probate court's orders to release the settlement funds to the conservator, unnecessarily expending court resources by requiring the court to issue multiple orders and hold multiple

14

hearings; and Rule 8.4(a)(4) by mishandling the minor's settlement funds and converting the funds for personal use.

(c) *ABA Standards*

The Special Master then applied the framework set out in the *ABA Standards for Imposing Lawyer Sanctions* (1992) ("ABA Standards"), which provides that, when imposing a sanction, "a court should consider the following factors: (a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors." ABA Standard 3.0. In assessing the duty violated, the Special Master determined that Singleton violated several duties owed to his clients, including the duty of diligence, the duty to consult and communicate, and the duty to perform the work for which he was hired. In assessing Singleton's mental state, the Special Master determined that Singleton's actions were knowing rather than inadvertent or negligent, as he knew that his clients had attempted to contact him on numerous occasions, knew that he did not perform the work he was hired to do, and knew that

he converted the minor's settlement funds for personal expenses due to his financial difficulties. In assessing the injuries caused, the Special Master determined that Singleton's conduct caused harm to his clients, as the client in SDB Docket No. 7664 testified at the evidentiary hearing that she was unable to refinance her home at a lower rate and her credit suffered because of the judgment against her, his client in SDB Docket No. 7665 faced a delay in opening the estate to resolve any outstanding debts and finalize his mother's affairs, and the minor in SDB Docket No. 7830 was robbed of his settlement and still has not received the funds to which he is entitled.

The Special Master also determined that the following aggravating factors applied. Singelton had a prior disciplinary offense, as he received a confidential reprimand in January 2020 for violating Rules 1.3, 1.4, and 8.4(a)(4). See ABA Standard 9.22(a). Singleton had a dishonest or selfish motive, as Singleton stole his client's settlement. See ABA Standard 9.22(b). Singleton had a pattern of misconduct, as he engaged in a pattern of failing to

16

perform work for his clients. See ABA Standard 9.22(c). Singleton committed multiple offenses, as his conduct violated several provisions of the GRPC in three separate matters. See ABA Standard 9.22(d). Singleton's victims were vulnerable, as his clients were going through difficult emotional times and one of his clients was a minor who was injured. See ABA Standard 9.22(h). Singleton had substantial experience in the practice of law, as he was admitted to practice in 1996. See ABA Standard 9.22(i). Finally, Singleton showed an indifference to making restitution, as he has yet to refund his clients for the work he did not perform and has made only a few payments to the conservator. See ABA Standard 9.22(j). The Special Master determined that only two mitigating factors applied. Singleton was experiencing personal or emotional problems, as he testified at the hearing that he was suffering from a mental health condition that affected his ability to practice law,[1] was in the midst

---

[1] Singleton also submitted a fitness evaluation completed by a psychiatrist. The psychiatrist concluded that Singleton suffered from a mental health condition from early 2019 until mid-2022 and the condition greatly affected his ability to practice law.

17

of a divorce, was grieving the loss of two family members, and was facing financial difficulties during the pandemic. See ABA Standard 9.32(c). Additionally, Singelton showed remorse, as he appeared remorseful for his conduct during his testimony. See ABA Standard 9.32(l).

(d) *Recommended Discipline*

The Special Master concluded that disbarment is the appropriate penalty for Singleton's Rule violations. In doing so, the Special Master explained that such a sanction was imposed in similar cases decided by this Court.

3. *The Review Board's Report and Recommendation*

Singleton requested the Review Board review the Special Master's report and recommendation. The Review Board adopted the Special Master's findings of fact, conclusions of law as to the Rules violated, and determinations regarding the ABA Standards. As for the appropriate sanction, the Review Board explained that while it was sympathetic that Singleton was suffering from mental health issues when the violations occurred, disbarment was

appropriate, as his actions in SDB Docket No. 7830 were "especially egregious." Therefore, the Review Board recommended that Singleton be disbarred from the practice of law.

4. *Analysis*

Singleton does not challenge the Review Board's report and recommendation of disbarment before this Court. After our review of the record, we agree that Singleton has violated Rules 1.2(a), 1.3, 1.4(a), 1.15(I)(a), 1.16(d), and 8.4(a)(4) and that disbarment is the appropriate sanction in this case, as this sanction has been imposed in similar cases.[2] See *In the Matter of Raines*, 322 Ga. 593 (2025) (attorney with no prior disciplinary history disbarred for violating Rules 1.2(a), 1.3, 1.4(a), 1.15(I)(a), 1.15(II)(b), and 8.4(a)(4) in connection with three client matters where attorney stopped communicating with his clients, failed to perform work in their

---

[2] Because we conclude that disbarment is warranted for Singleton's violations of Rules 1.2(a), 1.3, 1.4(a), 1.15(I)(a), 1.15(II)(b), and 8.4(a)(4), we pretermit the question of whether Singleton violated Rule 3.5(d) by "engag[ing] in conduct intended to disrupt a tribunal." See *In the Matter of Morris*, 302 Ga. 862, 864 n.3 (2018) (declining to reach question of whether attorney violated Rule 8.4(a)(3) because attorney clearly violated other Rules for which disbarment was appropriate).

cases, and dishonestly converted client funds for personal use); *In the Matter of Holliday*, 308 Ga. 216 (2020) (attorney with no prior disciplinary history disbarred for violating Rules 1.2(a), 1.3, 1.4(a), 1.16(d), 3.2, and 8.4(a)(4) where attorney stopped communicating with her clients, failed to perform work on their cases, and failed to timely return unearned fees); *In the Matter of McGowan*, 322 Ga. 349 (2025) (attorney with no prior disciplinary history disbarred for violating Rules 1.2(a), 1.3, 1.4(a), 1.15(I)(a), 1.15(I)(c), 1.15(I)(d), 1.15(II)(b), 8.4(a)(4), and 9.3 where attorney converted client funds for personal use and showed an indifference in making restitution).

Accordingly, it is hereby ordered that the name of Charles Bruce Singleton, Jr. be removed from the rolls of persons authorized to practice law in the State of Georgia. Singleton is reminded of his duties under Bar Rule 4-219(b).

*Disbarred. All the Justices concur.*

20